## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James Anderson, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, being duly sworn, hereby state as follows:

1. This affidavit is presented in support of an arrest warrant and criminal complaint. Based on the following facts, I submit there is probable cause to believe that, on or about May 18, 2016, in the State and District of Colorado, BRANDON LAERAYE NELSON, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

2. The following statements are based upon my training and experience, consultation with other experienced investigators, agents, and other sources of information related to this and other firearms investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and arrest warrant and does include all the facts I know about this investigation.

3. On May 18, 2016 at approximately 2321 hours, Denver Police Department (DPD) Officer Marshal was on regular patrol, in a fully marked Denver Police Department vehicle, wearing a full DPD uniform. At this time, Officer Marshal and other DPD officers responded to 3298 North Hudson Street in the City and County of Denver based on a "Shot Spotter" alert. "Shot Spotter" technology is an acoustical gunfire location system that provides law enforcement officials, in real time, with the time and location of gunshots. After receiving the "Shot Spotter" alert, Officer Marshal drove into the area of 3298 North Hudson Street. When he arrived, Officer Marshal found that other DPD Officers had already arrived on the scene.

4. Officer Harmon aired over the DPD police radio that a witness had advised him that the suspect who fired the shots was a light skinned black male wearing a black "hoodie". This suspect was last seen by the witness, on foot, westbound East 33rd Avenue.

5. Office Marshal advised in his written statement that, based on his training and experience, he responded to the Elm Street Townhomes located at East 33rd Avenue and North Elm Street. This location is known to Officer Marshal as "the Bricks" and is also known by that slang term by the local street gangs. Officer Marshal also indicated the area is known as being territory claimed by the Bloods criminal street gang.

6. At approximately 2333 hours, as Officer Marshal drove his vehicle into the area of the 3200 block of North Elm Street, he observed an individual fitting the description of the suspect in the shots fired incident from the 3200 block of North Hudson Street. Officer Marshal described this suspect, who was later identified as Brandon Laeraye NELSON, born on August 12, 1988, "as walking in front of his field of vision" on East 33rd Avenue at North Elm Street. At this time, Officer Marshal parked his marked patrol vehicle approximately 15 feet from NELSON, exited his patrol vehicle and attempted to make contact with NELSON. NELSON fled from Officer Marshal, heading westbound through the Elm Street Townhomes. Officer Marshal ordered NELSON to stop. NELSON did not obey Officer Marshal's commands. Officer Marshal pursued NELSON on foot and observed NELSON reaching into his (NELSON's) waist band. Officer Marshal feared that NELSON was attempting to retrieve a firearm. Officer Marshal retrieved his own duty weapon and again ordered NELSON to stop. NELSON did not comply.

7. Officer Marshal then observed NELSON throw a handgun down onto the concrete patio of one of the residences located at 3259 North Elm Street. NELSON then continued to flee westbound. Officer Marshal continued to chase NELSON, until NELSON lost his balance and tripped and fell by a group of trash dumpsters located in the courtyard of the townhome complex. Officer Marshal was able to take NELSON into custody without further incident.

8.  As additional cover officers arrived, Officer Marshal had those officers stay with NELSON while Officer Marshal immediately went back to where he observed NELSON discard the handgun. Upon arrival, Officer Marshal found that no one had moved the firearm and it was still in front of 3259 North Elm Street, exactly where he had observed NELSON throw it. The firearm was photographed and then recovered. The firearm was found to be a Jimenez Arms, model J.A. Nine, 9mm pistol, bearing serial number 296698. The magazine was loaded with one round of live Remington (RP) 9mm ammunition in the pistol chamber and 4 live rounds of Remington (RP) 9mm ammunition in the pistol magazine.

9.  Officers at the scene of the shooting incident, at the Horizon Lounge (3298 North Hudson Street), located what appeared to be bullet defects on the front entry door and window of the business. Officer's also located three (3) spent shell casings on the sidewalk on North Hudson Street, just west of the Horizon Lounge, where the witness advised the suspect was standing when he fired shots at the building. Each of the three (3) shell casings were found to be Remington (RP), 9mm.

10. I reviewed the criminal history pertaining to BRANDON LAERAYE NELSON. I discovered he had the following adult felony convictions prohibiting him from possessing firearms:

    - In Denver County District Court case 2007CR3287, Brandon L. NELSON pleaded guilty to Colorado Revised Statute (C.R.S.) 18-12-108, Possession of a Weapon by a Previous Offender, a class 6 felony and was ultimately sentenced in this case on December 23, 2008.

    - In Boulder County District Court case 2011CR1906, Brandon L. NELSON pleaded guilty to Colorado Revised Statute (C.R.S.) 18-18-403.5(1)(2)(a)(II), Distribution of a Schedule 4 Controlled Substance, a class 5 felony and was sentenced on March 26, 2011.

11. I then contacted ATF Special Agent (SA) Mark Feltz, who is certified in firearms interstate nexus determinations. SA Feltz advised that neither the Jimenez Arms, model J.A. Nine, 9mm pistol,

bearing serial number 296698, nor the Remington 9mm ammunition contained in this firearm were manufactured in the State of Colorado and therefore must have traveled in, or affected interstate or foreign commerce prior to being recovered in Denver, Colorado on May 18, 2016.

12. On May 19, 2016, I conducted a function test on the Jimenez Arms, model J.A. Nine, 9mm pistol, bearing serial number 296698. I determined that this firearm functions as designed and fits the definition of a firearm under Title 18, United States Code, Section 921(a)(3): any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.

13. Based on these facts, I submit that there is probable cause to believe that on or about May 18, 2016, in the State and District of Colorado, BRANDON LAERAYE NELSON, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1). Therefore, I request the issuance of a complaint for such offense and an arrest warrant.

I, James Anderson, being duly sworn according to law, depose and say that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

*s/James Anderson*
TFO James Anderson
ATF

Sworn to before me this 19th day of May, 2016.

*[signature]*
United States Magistrate Judge

**Affidavit reviewed and submitted by Beth Gibson, Assistant United States Attorney.**