IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-mj-01079-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON LARAYE NELSON,

    Defendant.

_____

## ORDER OF DETENTION
_____

THIS MATTER came before me for a detention hearing on May 31, 2016. The government requested detention in this case. After the court found probable cause to support the charges brought pursuant to the Criminal Complaint, the defendant did not contest the request for detention. I have considered the Pretrial Services report and the entire court docket in making this determination.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The defendant has been charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find that detention is proper. In making this finding, I note that defendant has exercised his constitutional right to have an attorney present during his interview with the Probation Officer, and accordingly an interview was not conducted but a history was gathered from the Joint Automated Booking Systems (JABS), NCIC/CCIC, and state computer records. The report reflects no employment for Defendant. The records further indicate that Defendant has used at least one alias name, two alias dates of

birth, and two alias social security numbers.   In addition, the report reflects that defendant failed to appear at least 20 times resulting in the issuance of a warrant.   Defendant has three juvenile felony adjudications. Additionally, he has 12 adult misdemeanor convictions and two adult felony convictions, which include drug offenses and possession of a weapon.   Taken together, this court concludes that defendant poses a risk of flight by a preponderance of evidence and a risk of safety to the community by clear and convincing evidence.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   May 27, 2016                              BY THE COURT:

                                                                              s/ Nina Y. Wang
                                                                              Nina Y. Wang
                                                                              United States Magistrate Judge