IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00192-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRANDON LARRAYE NELSON,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Beth Gibson, Assistant United States Attorney for the District of Colorado, and the defendant, Brandon Larraye Nelson, personally and by counsel, Natalie Stricklin, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.  Defendant's Plea of Guilty:**

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. The defendant agrees not to seek a sentence below the guideline range calculated by the parties below. The defendant further agrees to waive his appellate rights as set forth in detail below.

**B.  Government's Obligations:**

In exchange for the defendant's appellate waiver and plea of guilty, the United States agrees to (1) recommend the Court give the defendant full credit for acceptance

Court's Exhibit 1

of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; (2) move to dismiss Count 2 of the Indictment, also charging a violation of 18 U.S.C. § 922(g)(1) related to ammunition; and (3) request a sentence within the advisory guideline range as finally calculated by the Court.

### C.     Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 17; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

2

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D.  Defendant's Abandonment of Right, Title and Claim to Seized Property—Firearms and Ammunition

The defendant hereby agrees that any firearms and/or ammunitions defined in 18 U.S.C. § 921, seized from the defendant and his residence and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C § 924(d) and/or that the firearms and/or ammunitions constitute evidence, contraband, or fruits of the crime to which the defendant has pleaded guilty.   Accordingly, the defendant relinquishes all claim, title and interest he has in the firearm and the ammunition found to the United States with the agreement and consent that the Court, upon approval of this Plea Agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or any other appropriate agency, to destroy the firearm and/or ammunition forthwith without further obligation or duty whatsoever owing to the defendant or any other person.   The defendant waives any right he may have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the United States might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the property described above.   The defendant freely and voluntarily relinquishes any and all rights, title, and claim to the firearm and ammunition.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*:   The defendant knowingly possessed a firearm;

*Second*:   The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*:   Before the defendant possessed the firearm, the firearm had moved across state lines.

Note: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## III.   STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

4

## V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.   That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows.   On May 18, 2016, Denver Police responded to a report that shots were fired at 33rd and Holly in the Park Hill neighborhood of Denver.   Eleven minutes later, approximately half a mile away, Officer Marshal saw the defendant in the Elm Park Townhomes.   Officer Marshal approached the defendant, who matched the general description of the person who had fired a gun. The defendant fled on foot.   Officer Marshal saw the defendant pull a gun from his waist and throw it onto the front porch of a residence.   The defendant fell down and was arrested.   Officers immediately went to the porch and recovered the loaded

5

firearm, a Jimenez Arms, model J.A. None, 9mm pistol with serial number 296698. Shell casings that match the firearm were found in the area of 33rd and Holly.  After his arrest, the defendant was unstable and was taken to the hospital.  While in the cell at jail, the defendant admitted possessing the firearm and denied that he was the person to fire the gun.

Before possessing that firearm in 2016, the defendant was convicted of two felony offenses.  In 2011, he was convicted of distribution of a schedule IV controlled substance.  Approximately nine years ago, in 2007, he was convicted of possession of a weapon by a previous offender.   An expert within the ATF determined the Jimenez Arms firearm and ammunition traveled into Colorado after it was manufactured outside the State.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.   To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The parties agree § 2K2.1 applies with a base offense level of 20, based on the defendant's prior conviction for a controlled substance offense.

B. The parties agree no other offense characteristics will apply.

C. The defendant should receive a 3-level adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be 17.

D. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. The parties estimate the defendant's criminal history category is a V.

E. Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

F. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of 17 and the above criminal history category is 46-57 months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the highest offense level estimated above could conceivably result in a range from 24 months (bottom of Category I) to 63 months (top of Category VI).

G. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $10,000 to $95,000 plus applicable interest and penalties.

H. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

## VII.   ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 7-26-16

Brandon Nelson
Brandon Laeraye Nelson
Defendant  w/ NGS  B.N

Date: 7/26/16

Natalie Stricklin
Attorney for Defendant

Date: 7/26/16

Beth Gibson
Attorney for the United States

8