IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-CR-00192-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON LADRAYE NELSON,

    Defendant.

## SENTENCING STATEMENT

Mr. Brandon Nelson, by and through undersigned counsel, Natalie Stricklin, submits the following sentencing statement. Mr. Nelson respectfully requests the Court impose a sentence of thirty-six (36) months of imprisonment with a term of supervised release to follow. Such a sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. §3553(a)(2).

### SUMMARY OF ARGUMENT

On March 9, 2016, Mr. Nelson's world was rocked by the news that his 18 year old cousin Ta'Rell Burton was shot and killed while sitting in a car in Denver.[1] Mr. Nelson was especially close to Ta'Rell- counseling his young cousin on parenting and how to escape the gang lifestyle. Much of Mr. Nelson's counseling, however, did not have the chance to impact Ta'Rell as he was murdered three months before his 19 birthday. A suspected gang related shooting with an unknown motive, Mr. Nelson

---

[1] The program from Ta'Rell Lavar Burton, Jr.'s funeral is attached as Attachment A.

immediately began to fear continued violence directed at other members of his family or in retaliation for the killing.  Mr. Nelson acquired the gun as concern by the family mounted.  As noted in the PSIR, the suspects involved in the shooting have been bragging about the incident both directly afterward and during the trial. This taunting by the suspects and their family members has caused Mr. Nelson's family both despair and concern. Mr. Nelson carried the firearm for less than 2 months at the time he was arrested.

After his arrest, Mr. Nelson quickly pled guilty and continues to accept responsibility for his actions.  Although his motive for carrying the weapon is understandable, he knows that there is a punishment to follow.  Fortunately, Mr. Nelson, as a result of his close family ties, stable marriage, and dedication to fatherhood, has a mass of family support behind him.   His family is determined to stick by him through this added struggle as they continue to heal from the tragedy of Ta'Rell's death.  As a result, once all of the factors as described in 18 U.S.C. §3553(a) are considered, a 36 month sentence is appropriate.

I.      **18 U.S.C. §3553(a)(1)**

   A)     Nature of the Offense

The offense committed by Mr. Nelson is that he possessed a firearm as a previously convicted felon in violation of 18 U.S.C. §922(g)(1).

At the time of the instant offense, Mr. Nelson was in the Park Hill neighborhood of Denver.  The police contacted him in response to a shots fired call.  No one was reported injured.  Upon contact, Mr. Nelson fled and was seen throwing a firearm onto a porch.  Law enforcement quickly apprehended Mr. Nelson.  Once at the jail Mr. Nelson admitted that he possessed the firearm.

Although contrary to the law, Mr. Nelson possessed the firearm after his cousin's death- a tragic event that the suspects have been bragging about since it happened. Mr. Nelson possessed the firearm out of fear for his safety and the safety of his family.

Mr. Nelson quickly accepted responsibility by admitting to law enforcement that he had the firearm. Further, Mr. Nelson entered a plea of guilty.

### B) History and Characteristics of the Defendant

#### i) Childhood and Family Support

Mr. Nelson was raised with an "it takes a village" mentality. Never having known his father, his mother worked hard as a single parent to provide for her family. Mr. Nelson remembers his mother working long hours as a bail bondsman so he spent most of his time at his maternal grandmother's house. He and his grandmother share an exceptionally close relationship and always have. When his grandmother needed help raising Mr. Nelson, there was always aunt available. As a result, Mr. Nelson has close relationships with his extended family, especially his cousins.

Mr. Nelson's strong sense of family has affected his relationships with the mothers of his children. Even though Mr. Nelson has been married to Ms. Sharon Ware for the past six years and the two have one daughter together, he has maintained a successful and good co-parenting relationship with the mothers of his other 3 children. Brandon, Jr. and Sa'hiya spend every weekend with Mr. Nelson and Mr. Nelson took both children to school prior to this arrest. His daughter, Eliana, spent the summer with Mr. Nelson and Ms. Ware. Mr. Nelson is under no court ordered support or visitation obligations, but makes it a priority to both provide his children with new school clothes and spends time with all of his children. Mr. Nelson is also close with his teenage step

children. He and the older boys enjoy helping the younger children with homework, playing basketball, and other outdoor activities.

Mr. Nelson has the support of his family. His wife is standing by his side as well as his grandmother, mother, aunts, uncles, and cousins. Although the family views Mr. Nelson's situation as piece of the puzzle related to Ta'Rell's death, they are each supportive of Mr. Nelson in his decision to admit responsibility and will take every opportunity they can to help Mr. Nelson move forward in a positive manner.

### ii) Education

Mr. Nelson left high school in the 11th grade. He has always regretted his decision to leave school. As noted in Ms. Ware's letter, Mr. Nelson has set a goal for himself while incarcerated – to get his GED.

### iii) Criminal History

The majority of Mr. Nelson's criminal history consists of petty and driving offenses. However, Mr. Nelson does have two prior firearm related convictions which were concerning to the PSIR writer. One occurred when Mr. Nelson was 18 years old. At 18, Mr. Nelson pled guilty to possessing firearm after having been convicted of a juvenile felony. Mr. Nelson did not comply with probation and was sentenced to 1 year to be served in the Department of Corrections. Mr. Nelson completed his parole without violation. Mr. Nelson suffered his second firearm related conviction in 2015. Mr. Nelson pled to a class two misdemeanor after he was able to provide information to the prosecution that the firearm in the vehicle belonged to his brother. An outlier in Mr. Nelson's criminal history is his 2012 distribution offense. For this conviction, Mr. Nelson was sentenced to probation in 2012. He successfully completed that probation in 2014.

II. **A SENTENCE OF 36 MONTHS IMPRISONMENT WITH A TERM OF SUPERVISED RELEASE WOULD BEST SATISFY THE GOALS OF §3553(a).**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed -

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- B) to afford deterrence to criminal conduct;
- C) to protect the public from future crimes of the defendant; and
- D) to provide the defendant with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).

A. **A Sentence of 36 Months In Prison Will Punish Mr. Nelson Sufficiently and Reflect the Seriousness of the Offense.**

A prison sentence of 36 months sufficiently punishes Mr. Nelson for possessing a firearm as a convicted felon. The longest term of imprisonment actually served by Mr. Nelson prior to this pending sentence is 6 months- Mr. Nelson was sentenced to one year DOC on December 23, 2008 and he was paroled in June 2009. He was 19 years old at the time. Even though Mr. Nelson has had a series of run-ins with the law since that time, Mr. Nelson did successfully completed probation on his only other felony conviction. A sentence of 36 months is approximately 3 times as long as his longest prison sentence and approximately 6 times as long as the time he actually spent in prison on that sentence.

A sentence 36 months is a sentence which incarcerates Mr. Nelson for a year and a half for each month that he had the gun. Three years is sufficient punishment for Mr. Nelson who possessed the firearm for a very specific purpose and in reaction to his cousin's death.

### B and C. The Need to Protect the Public from Mr. Nelson and the Need to Deter Will Be Satisfied with a 36 Month Sentence.

Longer sentences do not equate with added deterrence. In fact, research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing,* 34 Crime & Just. 1, 28 (2006). "Three National Academy of Science panels . . . reached that conclusion, as has every major survey of evidence." *Id.* (see also Zvi Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime,* 8 Cardozo J. Conflict Resol. 421, 447-48 (2007)("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.")

Mr. Nelson does not need lengthy incarceration to punish him for this offense or as a lesson to deter him or others from this type of crime.  Mr. Nelson is not involved in gangs and fortunately, other than taunting by the suspects and their families, no additional violence has resulted to Mr. Nelson's family stemming from Ta'Rell's death. A 36 month sentence appropriately sends the message that felons risk years in prison for possessing firearms, period.  Additionally, supervision also provides added deterrence and Mr. Nelson, through his recent probation in Boulder County, has demonstrated that with appropriate and intensive supervision he can succeed. Supervised release will provide Mr. Nelson with the counseling he needs to cope with the death of his cousin and cognitive behavioral therapy to help Mr. Nelson to find other ways of dealing with this type of event- avoiding criminal conduct himself.


### III.     CONCLUSION

A sentence of 36 months in prison followed by a term of supervised release would be a sentence "sufficient, but not greater than necessary" to achieve all of the goals as set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


 s/Natalie Stricklin
NATALIE STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie.stricklin@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I electronically filed the foregoing

**SENTENCING STATEMENT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

   Beth Gibson,  AUSA
    Email: beth.gibson@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the nonparticipant's name:

   Brandon Nelson                     (via Mail)
   Reg. No. 43578-013
   c/o Clear Creek County

                                       s/Natalie Stricklin
                                       NATALIE STRICKLIN
                                       Assistant Federal Public Defender
                                       633 17th Street, Suite 1000
                                       Denver, CO  80202
                                       Telephone:  (303) 294-7002
                                       FAX:  (303) 294-1192
                                       natalie.stricklin@fd.org
                                       Attorney for Defendant