IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00192-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRANDON LADRAYE NELSON,

    Defendant.

_____

## SENTENCING POSITION

_____

    The United States of America (the government), by and through Beth Gibson, Assistant United States Attorney for the District of Colorado, requests a sentence of 51 months. The sentence requested is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553. The United States Probation Office also recommends a 51-month sentence, which falls within the middle of the advisory guideline range.

    The defendant has a lengthy criminal history that began with a theft at age 16. *See* Doc. 27 at ¶ 23. In 2006, while 17, the defendant was convicted twice for possession of a controlled substance. *See* Doc. 23 at ¶¶ 24, 25. He has a substantial number of driving offenses and minor possession charges. S*ee* Doc. 23 at ¶¶ 26, 29, 30, 31, 32, 35, 36, 37, 38, 41, 42, 43, 44, 45. Four years ago, in 2012, he was convicted for distributing a controlled substance—crack cocaine—in Boulder County. *See* Doc. 27 at ¶ 46.

More significantly, the defendant has two convictions that resemble his conduct in this case.  In 2007, the defendant was convicted of possession of a weapon by a prior offender.  *See* Doc. 27 at ¶ 33.  He was sentenced to 60 days in jail and 3 years of probation.  He did not comply with the terms of his probation.  He failed to maintain a residence, obtain employment, show up for appointments, and report contact with law enforcement.  He also tested positive for drugs.  While under supervision, he was arrested *five* times.  His violations were many and varied.  Although he was only 18 when convicted of that offense, the defendant's compliance with the law does not appear to have increased with his age.  Indeed, he committed another firearm offense 7 years later, in 2014, at the age of 26.  *See* Doc. 27 at ¶ 49.

The facts of the defendant's conviction in 2014 are striking.  *See* Doc. 27 at ¶ 49.  He was driving fast while sparks flew from his right, front tire.  *See id.*  He went through a red light and into a ditch.  *See id.*  He smelled like alcohol and ignored police commands.  *See id.*  A pistol was in the car on the front floorboard.  *See id.*  Once at the jail, the defendant punched the cell door and yelled that he would not come out of the cell without a fight.  *See id.*

In this case, like in 2014, the defendant was unstable after his arrest.  The defendant appears to have substance abuse problem and or mental health issues that warrant testing and treatment while on supervised release.  In this case, like in 2007 and 2014, the defendant possessed a firearm.  In this case, the firearm the defendant possessed had been fired at 33rd and Holly in the Park Hill neighborhood of Denver, approximately eleven minutes before he was arrested.  The government submits that— whether the defendant fired the gun or took the gun from someone who had just fired

it—the circumstances of his possession are aggravating. This case is different from ones involving the possession of a firearm in a trunk or locked safe. The defendant was running with a loaded firearm through a residential area just after shots were fired. In an effort to minimize his exposure, he threw the loaded gun onto a person's porch. The defendant's conduct shows a willingness to put public safety at risk.

The defendant's prior sentences have not deterred him from further crime. Although he has a consistent relationship, children, and a stable residence (Doc. 27 at ¶¶ 60, 63, 64), he has continued to violate the law rather than follow the rules. Historically, he continued driving when clearly aware he was not lawfully permitted to do so. He possessed a firearm in violation of the law in 2007, in 2014, and again in 2016. His criminal conduct persists. He recently lost someone close to him to gun violence. The defendant's possession of a firearm eleven minutes after shots were fired at a bar in North Park Hill does little to reduce the senseless firearm violence plaguing the area. A lengthy sentence of 51 months is needed to provide sufficient deterrence and promote sufficient respect for the law.

With respect to supervised release, the government requests the maximum period of three years. The government further requests a search condition as a special condition of the defendant's supervised release. This Court has broad discretion in setting any special conditions of release. *See United States v. Hanrahan*, 508 F.3d 962, 970 (10th Cir. 2007). This broad discretion is not unlimited. Any ordered conditions must still satisfy the requirements of 18 U.S.C. § 3583(d). *See United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008).

Such conditions must fulfill three requirements. First, the conditions "must be reasonably related to at least one of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs." *See id.* at 983-84; 18 U.S.C. § 3583(d)(1). Second, the conditions must not constitute "a greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation." *See* 18 U.S.C. § 3583(d)(2). Finally, the conditions must be consistent with "any pertinent policy statements issued by the Sentencing Commission." *See id.* at § 3583(d)(3).

Here, a search condition is reasonably related to the nature and circumstances of the current offense and the history and characteristics of the defendant. The defendant possessed a firearm repeatedly through time—in 2007, 2014, and 2016. This is his third felony related to firearms. In light of the recurring nature of his firearms possession, the search condition is appropriate. The condition is reasonably related to the current offense and the history of the defendant.

Furthermore, a search condition also does not produce a greater deprivation of liberty than is reasonably necessary to deter the defendant from criminal conduct or to protect the public from future crimes of the defendant. If the defendant knows that his probation officer may search his personal effects for a firearm, he may be deterred from possessing a firearm. A search condition gives the Probation Office the tools to ensure the public's safety by confirming that felons with prior firearms violations are not in

possession of guns. Such a condition is constitutional as applied to the defendant and is reasonably related to the statutory provisions in 18 U.S.C. § 3583(d).

In conclusion, the government requests a sentence of 51 months followed by three years of supervised release.

Respectfully submitted this 19th day of October, 2016.

                                      ROBERT C. TROYER
                                      Acting United States Attorney

By:    s/Beth Gibson
        BETH GIBSON
        Assistant United States Attorney
        U.S. Attorney's Office
        1225 17th St., Suite 700
        Denver, CO 80202
        Telephone: 303-454-0200
        Fax:   303-454-0403
        E-mail:   Beth.Gibson@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on October19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Natalie Stricklin, Assistant Federal Public Defender, natalie_stricklin@fd.org.

                                      *s/Beth Gibson*
                                      BETH GIBSON
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      1225 Seventeenth Street, Suite 700
                                      Denver, CO 80202
                                      Telephone: (303) 454-0100
                                      Fax: (303) 454-0405
                                      E-mail: Beth.Gibson@usdoj.gov