IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00192-MSK-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON LADRAYE NELSON,

        Defendant.

_____

### AMENDED
### MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255
_____

        Brandon Ladraye Nelson, through counsel, moves to vacate his conviction and sentence because his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is constitutionally invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

        In *Rehaif*, the Supreme Court overruled longstanding precedent from the Tenth Circuit – and every other circuit to have addressed the issue – concerning the scope of section 922(g). Before *Rehaif*, the government could secure a felon-in-possession conviction by proving that the defendant knowingly possessed a firearm, even if the defendant did not know that he had been convicted of a felony, defined under the statute as a crime punishable by more than one year in prison. *See United States v. Capps*, 77 F.3d 350, 352-54 (10th Cir. 1996). Now, under *Rehaif*, the government "must show that the defendant knew he possessed the firearm *and also* that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194 (emphasis added).

        Mr. Nelson pleaded guilty to violating section 922(g) long before *Rehaif* was decided. Unsurprisingly, no one involved in the proceedings correctly understood the elements of the

offense to which Mr. Nelson pled. More to the point, Mr. Nelson was never told during the plea proceedings – either in his plea agreement or at the change of plea hearing – that the crime required proof that he knew he had been convicted of a crime punishable by more than one year at the time he possessed the weapon. *See* Attachment A (change of plea hearing transcript); Doc. 24 (plea agreement). And in the face of adverse Tenth Circuit precedent, there is no basis to presume that Mr. Nelson's lawyer told him about the element either. *See Hicks v. Franklin*, 546 F.3d 1279, 1284 (10th Cir. 2008) (holding such a presumption to be unwarranted unless there is "some factual basis in the record to support it"). Because Mr. Nelson was not advised of the true nature of the charge, his guilty plea is "constitutionally invalid" and cannot stand. *Bousley v. United States*, 523 U.S. 614, 619 (1998).

*Bousley* addressed a situation very similar to Mr. Nelson's. In an earlier case, the Supreme Court had narrowed the scope of a federal criminal statute, and Bousley later filed a section 2255 motion seeking to undo his guilty plea to violating the newly construed provision on the grounds that he had been misinformed of the offense's elements. *Id.* at 616-17. The Court recognized that if Bousley's allegations proved true, his plea would be "constitutionally invalid." *Id.* at 619. And that recognition was grounded in the principle that when pleading guilty, a defendant must receive "real notice of the true nature of the charge against him." *Id.* at 618. This principle, as the Court recognized, is "the first and most universally recognized requirement of due process." *Id.*

Because a guilty plea without notice of the true charges is constitutionally invalid, this type of error can be harmless only if there is record proof that the defendant was made aware of the missing element through other means or if the record otherwise contains an admission by the defendant to that element. That is the lesson of *Henderson v. Morgan*, 426 U.S. 637 (1976). In

2

that case, as here, the defendant was not advised of a mens rea element necessary to commit the charged offense. This rendered the plea invalid despite the fact, assumed by the Court, that the "prosecutor had overwhelming evidence" of the omitted element. *Id.* at 644. The only thing that could have saved the plea was "a substitute for" the defendant's voluntary admission to the element – a stipulation to the element, evidence that the element was otherwise "explain[ed] to" the defendant, or a statement by the defendant "necessarily implying that he had [the requisite] intent." *Id.* at 646. Because the record contained no substitute of this kind, his guilty plea could not survive. *Id.*

The Court reinforced *Henderson* almost thirty years later in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004). That case involved a violation of Rule 11 of the Federal Rules of Criminal Procedure, not a claim that the plea was constitutionally involuntary or unknowing. The case arose under plain error review because the defendant had not objected to the Rule 11 violation in the district court. And the Court held that, in the Rule 11 context, the inquiry concerning prejudice under plain error review was whether there was a "reasonable probability that but for the error, [the defendant] would not have entered the plea." *Id.* at 83. That inquiry properly took into account factors such as "the overall strength of the government's case." *Id.* at 85. But on this point, the Court was careful to distinguish mere Rule 11 violations from "the constitutional question whether a defendant's guilty plea was knowing and voluntary." *Id.* at 85 n.10. The Court made clear that it was not suggesting that a conviction obtained through an involuntary or unknowing plea "could be saved even by overwhelming evidence that the defendant would have pleaded guilty regardless." *Id.*

The Tenth Circuit followed *Henderson* in *Hicks v. Franklin*. As here and in *Henderson*, the error in *Hicks* was the failure to advise the defendant of the mental state necessary to commit

3

the charged offense.  The Court, following *Henderson*, noted that a "plea cannot support a judgment of guilt unless it is voluntary," and that a plea cannot be considered voluntary unless the defendant received "real notice of the true charges against him."  *Hicks*, 546 F.3d at 1284.  Thus, the error could be considered "harmless" only if the record contained "some acknowledgement of facts that might serve, by implication, as" an admission to the omitted element.  *Id.* at 1286.

Here, the record does not contain any admission from Mr. Nelson that he knew he had been convicted of a felony at the time he possessed the gun in this case.  Nor is there any indication in the record that he was aware that a conviction under § 922(g) required such proof.  This is of course unsurprising because at the time of his plea, no one thought that § 922(g) contained that element.  But it does, and because Mr. Nelson entered his plea without knowledge of the element's existence, his plea is constitutionally invalid and must be vacated.

For these reasons, Mr. Nelson requests that this Court vacate his conviction for violating § 922(g)(1).

          Respectfully submitted,

          VIRGINIA L. GRADY
          Federal Public Defender


          /s/ Dean Sanderford
          DEAN SANDERFORD
          Assistant Federal Public Defender
          633 17th Street, Suite 1000
          Denver, Colorado  80202
          Telephone:  (303) 294-7002
          FAX:  (303) 294-1192
          Email:  Dean_Sanderford@fd.org
          Attorney for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on September 10, 2019, I electronically filed the foregoing *AMENDED Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

  Beth Gibson, Assistant U.S. Attorney
  Email:  beth.gibson@usdoj.gov

         /s/ Dean Sanderford
         DEAN SANDERFORD
         Assistant Federal Public Defender
         Attorney for Defendant