CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. BRANDON LADRAYE NELSON                    DKT. NO. 1:16CR00192-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Stephanie Hartz, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Brandon LaDraye Nelson, who was placed on supervision by the Honorable Marcia S. Krieger, sitting in the United States District Court in Denver, Colorado, on October 31, 2016.  The defendant was sentenced to 51 months imprisonment and 3 years supervised release for an offense of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  Supervision commenced on February 24, 2020, and is set to expire on February 23, 2023.  As noted in the judgment [Document 34], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 9, 2020, the defendant used or administered a controlled substance, marijuana and cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.[1]

On June 9, 2020, the defendant submitted a random urine screen at the Probation Office that tested positive for marijuana and cocaine.  I called the defendant on June 15, 2020, in which he verbally admitted to marijuana and ecstasy use on June 5 and 6, 2020. The defendant denied cocaine use.  The urine specimen was sent to Alere

---

[1] The Probation Office believes that the defendant's possession and use of cocaine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.  In *U.S. v Rodriguez*, Appellate Case No. 18-1449 (10th Cir. December 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.  Further, in *U.S. v. Draper*, 2019 WL 1552732 (10th Cir. April 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In this case, based on aggravating circumstances applicable to this defendant, pursuant to C.R.S. 18-18-403.5, cocaine is a Schedule II Controlled Substance, which are punishable by over one-year imprisonment."

Toxicology for confirmation and on June 19, 2020, it was confirmed positive for marijuana and cocaine. Individual therapy for dual diagnosis was increased to bi-weekly as a response to this substance use.

## 2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 30, 2020, the defendant used or administered a controlled substance, marijuana and cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On June 30, 2020, the defendant submitted a random urine screen at Independence House North that tested positive for marijuana, cocaine and opiates. The defendant provided a prescription for oxycodone. I left voice messages and sent text messages to the defendant's phone on July 7 and 8, 2020, and the defendant has failed to return my attempts at communication.

## 3. **FAILURE TO WORK REGULARLY**

Defendant has failed to work regularly at a lawful occupation from February 24, through June 11, 2020, and again from June 14, 2020 to present, without having been excused from work by the probation officer, which constitutes a Grade C violation of supervised release.

The defendant was employed through Environmental Stone Works at the commencement of supervised release but lost this job almost immediately when he was held in Adams County Jail on new charges from February 24, to March 1, 2020. The defendant began working at a job through Aerotech Staffing on June 12, 2020 but quit the job the following day. The defendant reports that he does have a job lined up through Aerotech Staffing once his hand is healed; however, he failed to provide a doctor's note excusing him from work.

## 4. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about May 29, June 1, 3 and 8, 2020, the defendant was instructed by the probation officer to send the address of where he was staying, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On May 29, 2020, I spoke with the defendant via telephone and he reported that he was no longer staying at his previously reported address, but he was staying at his aunt's house. I instructed the defendant to send me the address via text message, in which he failed to do so. On June 1, 2020, I sent a text message to the defendant instructing him to report the address, in which he still failed to do so.

On June 3, 2020, I spoke with the defendant via telephone and instructed him to send me the address of where he is staying each night in a text message, as his living situation was not stable. The defendant sent me a hotel address at 2:15 a.m. on June 4, 2020 and did not send his address on any of the following days leading up to our next discussion.

On June 8, 2020, I spoke with the defendant via telephone and his living situation was still unstable. He reported he was staying with a friend; however, he did not have the address on hand. I instructed the defendant to send me the address via text message that day and send me the address of where he stays every night moving forward. The defendant failed to provide an address from June 8 to June 15, 2020.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE AND MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on April 14 and 18, May 16, June 20 and 27, and July 1, 2020. This constitutes a Grade C violation of supervised release.

On April 14, 2020, I received notification from Independence House North that the defendant failed to attend virtual individual therapy with Tammy at Independence House North on April 14, 2020. I called the defendant on April 15, 2020, in which he stated his phone's service was turned off on that date. I instructed him to reschedule his appointment with Tammy.

On April 18, 2020, I received notification from Independence House North that the defendant failed to attend the rescheduled virtual individual therapy with Tammy at Independence House North on April 18, 2020. I called the defendant on April 21, 2020, in which he stated there was miscommunication; however, I had verified with Tammy that she spoke with the defendant on April 17, 2020 and scheduled this appointment with him.

On May 18, 2020, I received notification from Independence House North that the defendant failed to attend virtual moral reconation therapy (MRT) group at Independence House North on May 16, 2020. I called the defendant on May 18, 2020, and he reported that he "spaced" MRT.

On June 22, 2020, I received notification from Independence House North that the defendant failed to attend MRT group at Independence House North on June 20, 2020. I called the defendant on June 23, 2020, in which he reported that he did not know class was in person now; however, the therapist had sent him two emails stating the same.

On June 29, 2020, I received notification from Independence House North that the defendant failed to attend MRT group at Independence House North on June 27, 2020. I spoke with the defendant via telephone on June 30, 20202, and he explained that he

Case No. 1:16-cr-00192-RBJ   Document 41   filed 07/10/20   USDC Colorado   pg 4 of 6

Brandon Lafraye Nelson  
1:16CR00192-1

Petition for Warrant on Person Under Supervision  
Page 4

July 10, 2020

did not want to get on the bus to go to MRT with a hurt hand.  I informed the defendant that I must approve missed group in advance.

On July 2, 2020, I received notification from Independence House North that the defendant failed to attend virtual individual therapy with Tammy at Independence House North on July 1, 2020.  I left voice messages and sent text messages to the defendant's phone on July 7, and 8, 2020, and the defendant has failed to return my attempts at communication.

6. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on March 10 and 11, May 14 and 29, and June 4, 2020.  This constitutes a Grade C violation of supervised release.

On March 11, 2020, I received notification from Independence House North that the defendant failed to submit a random urine screen on March 10, 2020.  I spoke with the defendant at his house on March 11, 2020, and he reported that Independence House told him he did not have one, but they verified that they did tell him he had a urine screen and he left without submitting.  I rescheduled a urine screen for him on that date, March 11, 2020.

On March 12, 2020, I received notification from Independence House North that the defendant failed to submit a random urine screen on March 11, 2020.  After multiple attempts, I was able to speak with the defendant on March 16, 2020, in which he blamed not knowing how to get there on the bus and having to take his daughter to the hospital; however, he failed to provide documentation of the same.

On May 15, 2020, I received notification from Independence House North that the defendant failed to submit a random urine screen on May 14, 2020.  After multiple attempts, I was able to speak with the defendant on May 18, 2020, and he reported that his phone's service was off, so he did not call the urine screen line.

On June 1, 2020, I received notification from Independence House North that the defendant failed to submit a random urine screen on May 29, 2020.  On June 3, 2020, I called the defendant and he stated that Independence House North turned him away because he did not have his identification.  On June 3, 2020, I contacted Independence House North and they stated that they had no record that he reported there on May 29, 2020, and that they would not turn him away because they have a copy of his identification.

On June 5, 2020, I received notification from Independence House North that the defendant failed to submit a random urine screen on June 4, 2020.  I called the defendant on June 8, 2020, and he stated that he did not know they closed early due to

COVID-19 hours of operation. The shortened hours of operation are mentioned on the urine screen recording each time a defendant calls in. I instructed the defendant to report to the Probation Office on June 9, 2020, in which he submitted a urine screen.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant has a pending state case alleging a felony and multiple misdemeanor charges in Adams County District Court, Case Number 20CR753, involving criminal mischief, assault and child abuse which occurred on the day he commenced his supervision. The defendant has a history of failing to appear while on bond, resulting in at least 20 warrants being issued, failures to comply with previous terms of probation, and has shown a disregard for the Court ordered conditions of supervised release. On June 9, 2020, the defendant signed a waiver of hearing accepting a modification to his conditions of supervised release to add up to 6 months in a residential reentry center (RRC). It was conveyed to the defendant that the waiver would be used if he had any further instances of missed urine screens or treatment. Since the positive urine screen from June 30, 2020, and the missed individual therapy appointment on July 1, 2020 and all attempts at contacting the defendant have been unsuccessful. Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Stephanie Hartz*
  Stephanie Hartz
  United States Probation Officer
  Place:   Denver
  Date:    July 10, 2020

*s/Gary W. Phillips*
  Gary W. Phillips
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    July 10, 2020

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct

Case No. 1:16-cr-00192-RBJ   Document 41   filed 07/10/20   USDC Colorado   pg 6 of 6

| | | |
|---|---|---|
| Brandon Lafraye Nelson<br>1:16CR00192-1 | Petition for Warrant on Person Under Supervision<br>Page 6 | July 10, 2020 |

alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 18 to 24 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  Almost immediately upon release from imprisonment, the defendant re-engaged in high-risk behaviors that pose an immediate threat to the community.  The defendant has an extensive prior criminal record including possession of a weapon, drug possession, driving under the influence and driving under revocation.  In addition, he presents a risk of non-appearance based on his history of at least 20 warrants being issued in response to the defendant failing to appear for court.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.