IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 1:16-cr-00192-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

BRANDON LADRAYE NELSON,

    Defendant-Movant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255**

---

Pursuant to this court's order (#54), the United States responds to defendant's amended motion to vacate his conviction and sentence under 28 U.S.C. § 2255 (#39).[1] The defendant maintains his conviction should be vacated based upon the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). For reasons stated below, the United States asks that defendant's motion be denied.

## Background

On July 26, 2016, the defendant pleaded guilty to Count One of an Indictment charging him with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In consideration, the government agreed to make

---

[1] The amended motion (#39) appears to be identical to the original motion (#38), except for the attachment of the plea hearing transcript.

1

favorable sentence recommendations and to move to dismiss Count Two, charging the defendant with being a felon in possession of ammunition. Doc. 24 at 1-2.[2]

In the plea agreement, the parties stipulated that on May 18, 2016, Denver Police responded to a report that shots were fired at 33rd and Holly in the Park Hill neighborhood of Denver. Eleven minutes later, approximately half a mile away, Officer Marshal saw the defendant in the Elm Park Townhomes. Officer Marshal approached the defendant, who matched the general description of the person who had fired a gun. The defendant fled on foot. Officer Marshal saw the defendant pull a gun from his waist and throw it onto the front porch of a residence. The defendant fell down and was arrested. Officers immediately went to the porch and recovered the loaded firearm, a Jimenez Arms, model J.A. None, 9mm pistol, serial # 296698. Shell casings that match the firearm were found in the area of 33rd and Holly. After his arrest, the defendant was unstable and was taken to the hospital. While in jail, the defendant admitted possessing the firearm, but denied that he was the person who fired the gun.

Before possessing that firearm in 2016, the defendant was convicted of two adult felony offenses. In 2011, he was convicted of distribution of a schedule IV controlled substance. In 2007, he was convicted of possession of a weapon by a previous offender. Doc. 24 at 5-6. In addition, the defendant suffered three felony convictions, for theft and controlled substance offenses, as a juvenile. Doc. 34-1 at 4. This court found the advisory guideline range to be 46-57 months, based upon a criminal history

---

[2] Citations are to the District Court Docket.

category (CHC) of V and an offense level of 17. *Id.* at 7. The court sentenced the defendant to 51 months' imprisonment. *Id.* at 11.

## Timeliness

Title 28, U.S.C. § 2255(f)(1) requires in most cases that a motion be filed within one year of the date on which the judgment of conviction becomes final. Final judgment entered in this court on November 4, 2016. *See* doc. 34 (entry date from docket sheet). Because the defendant did not take a direct appeal, his conviction became final, under § 2255(f)(1), fourteen days after judgment was entered. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000). Defendant's conviction was thus final on November 18, 2016. *See* Fed. R. App. P. 4(b)(1)(A). The defendant's § 2255 motion (#38) and amended motion (#39) were both filed September 10, 2019, and are untimely under § 2255(f)(1).

However, under § 2255(f)(3), the one year limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Court and made retroactively applicable to cases on collateral review. The decision upon which defendant relies, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), was handed down on June 21, 2019. Defendant's § 2255 motion is thus timely under § 2255(f)(3). Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States informs the court that the defendant has not filed any other post-conviction motions attacking his conviction or sentence.

## Argument

In *Rehaif*, the Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. The second clause – requiring proof a defendant knows of his status – imposes a new burden upon the government in prosecutions under § 922(g). The defendant argues that he was not informed of this element of the offense at the time he entered his guilty plea, that his plea is therefore constitutionally invalid, and that his conviction should be vacated.

*The Plea Agreement Waiver and Retroactivity*

The defendant's plea agreement contained a limited waiver of his right to challenge his conviction in a collateral attack under 28 U.S.C. § 2255. Doc. 67 at 3. However, the government will not argue that this § 2255 motion is barred by the waiver.

In *Rehaif* the Court interpreted the reach of 18 U.S.C. § 924(a)(2), thereby announcing a new rule of statutory law. New substantive rules are generally retroactive to cases on collateral review. A substantive rule is one that "alters the range of conduct or the class of persons that the law punishes." *See Schriro v. Summerlin*, 542 U.S. 348, 353 (2004); *United States v. Chang Hong*, 671 F.3d 1147, 1157 (10th Cir. 2011). *Rehaif* limits the class of persons that the law punishes under § 922(g) and § 924(a)(2). *Cf. Welch v. United States*, 136 S.Ct. 1257, 1267 (2016). Thus, the government concedes that *Rehaif* is retroactive to cases on collateral review, at least where review is pursuant to a first motion under § 2255.

4

*Mr. Nelson's Challenge to His Guilty Plea*

The defendant argues that a plea of guilty is not voluntarily and intelligently made, when a defendant is misinformed of the elements of the statute under which he is prosecuted – even when this is due to a subsequent change in the law. *See Bousley v. United States*, 523 U.S. 614, 618-20 (1998). However, the Supreme Court has held:

> We have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, (1984). And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

*Bousley*, 523 U.S. at 621 (citation form shortened).

In *Bousley*, the petitioner had appealed on other grounds, but did not challenge the validity of his plea. The Court held that by failing to do so, the petitioner procedurally defaulted his claim that a subsequent change in a statute's interpretation rendered his plea unintelligent and involuntary. *Id.* Here, Mr. Nelson has not shown that he objected to the advisement at his plea hearing or otherwise argued – either before, at, or after the Rule 11 hearing – that the government was required to prove his knowledge of his "status" as a convicted felon. Nor did Mr. Nelson pursue a direct appeal of this issue. Hence, for the reasons stated by the Court in *Bousley*, Mr. Nelson has procedurally defaulted his claim. *See also Massaro v. United States*, 538 U.S. 500, 504 (2003) (as a "general rule," claims not raised below or on direct appeal may not be raised on

collateral review); *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

A defendant may overcome procedural default, but he has the burden of showing both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *See Bousley,* 523 U.S. at 622.  Mr. Nelson has not attempted to satisfy these burdens.[3]

At the time the defendant entered his plea, precedent in the Tenth Circuit foreclosed the position taken by the Supreme Court in *Rehaif*. But the futility of an objection does not excuse, in this context, a failure to make such an objection. The Supreme Court in *Bousley* held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id*. at 623, with only a narrow exception for a hypothetical "claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Id*. at 622-623 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The claim that § 922(g) requires knowledge of status was not a novel one at the time of defendant's plea. To the contrary, as with the issue in *Bousley*, "the Federal Reporters were replete with cases" addressing that claim. *Cf. id.* at 622; *see, e.g.*, *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996); *United States v.*

---

[3] Other cases relied upon by Mr. Nelson are not on point as to this issue. The decisions in *Henderson v. Morgan*, 426 U.S. 637 (1976) and *Hicks v. Franklin*, 546 F.3d 1279 (2008) did not involve procedural default. Defendants in those cases had exhausted state remedies before filing habeas petitions in federal court. And the decision in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004), concerned an alleged error in Rule 11 advisements, not a procedurally defaulted unintelligent guilty plea.

*Langley*, 62 F.3d 602, 604-05 (4th Cir. 1995); *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003). Although most courts had rejected the claim, this does not constitute cause. *Bousley*, 523 U.S. at 623; *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. 1998) ("[T]he mere fact that [a new Supreme Court case] may have altered the settled law of most circuits . . . did not make the argument so novel as to constitute cause"). And this issue is discussed in detail in *United States v. Games-Perez*, 667 F.3d 1136, 1140-41 (10th Cir. 2012). In a concurrence, then-Judge Gorsuch advanced the very argument later adopted in *Rehaif* and asserted by Mr. Nelson here. *Id.* at 1142-46.

Mr. Nelson also has not shown actual prejudice. The standard for "actual prejudice" is "a significantly higher hurdle" than the standard for harmless error, or even plain error, that applies on direct appeal. *United States v. Frady*, 456 U.S. 152, 166-67 (1982). To show "actual prejudice," a defendant must show that the claimed error worked to his actual and substantial disadvantage. *Id.* at 170. But Mr. Nelson has not asserted that he lacked knowledge of his status, arguing rather that the record does not contain *an admission by him* that he had knowledge of his status. That argument does not satisfy his burden. To the contrary, the record shows that the defendant knew of his status, because he had a prior conviction for being a previous offender in possession of a weapon.

It is a defendant's burden, in the alternative, to make a threshold showing of "actual innocence." *See Bousley*, 523 U.S. at 623 (remanding "to permit petitioner to attempt to make a showing of actual innocence"); *Smith v. Murray*, 477 U.S. 527, 537 (1986). This requires the defendant to show that it was "more likely than not that no

7

reasonable juror would have convicted him" had the district court correctly instructed the jury and given the government the opportunity to produce evidence of the omitted status element. *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). Mr. Nelson repeatedly argues that the record does not contain evidence of the additional element required by *Rehaif*. The jury instructions did not of course require such proof at trial. It might be said of every defendant convicted prior to *Rehaif,* that he/she has not been found guilty of the Section 922(g) offense as it is now understood, but the Supreme Court made clear in *Bousley* that "'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623. Mr. Nelson has not made such a showing.

*Any Error Is Harmless and Mr. Nelson Has Not Shown<br>He Would Not Have Entered His Plea*

Even if Mr. Nelson could overcome his procedural default, he would not be entitled to relief because any *Rehaif* error here is harmless. The harmlessness inquiry is "more forgiving" on collateral review than it is on direct appeal. *Frye v. Pliler*, 551 U.S. 112, 116 (2007). In the § 2255 context, an error is usually considered harmless unless it had a "substantial and injurious effect" on the outcome of the case. *Brecht v. Abramson*, 507 U.S. 619, 637-38 (1993); *United States v. Dago*, 441 F.3d 1238, 1245 (10th Cir. 2006). The Tenth Circuit was recently presented with a *Rehaif* issue on direct appeal. There, like here, the defendant had not objected in district court at the time of the plea. The Tenth Circuit held under plain error review that the "Defendant must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Trujillo*, 960 F.3d 1196, 1208 (10th Cir. 2020), citing *Dominguez Benitez*, 542 U.S. at 83.

Mr. Nelson has not met either standard. He has a lengthy criminal history and numerous felony convictions. One of those felony convictions was for possession of a weapon by a previous offender. The defendant has no plausible claim that he lacked knowledge of his status. At trial, the government would not be required to "introduce any extraordinary evidence that would conclusively demonstrate petitioner's state of mind," but as in any prosecution the government would seek to prove defendant's mental state by reference to all facts and circumstances surrounding the case. *See, e.g., Liparota v. United States*, 471 U.S. 419, 434 (1985).

Defendant's knowledge would be a fact question for the jury to decide. In the instant plea agreement, the defendant stipulated that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Doc. 24 at 4. And his prior conviction for possession of a weapon by a previous offender is conclusive evidence that he knew of this status. The defendant plead guilty to this charge, *see* doc. 33 at 9, from which it necessarily follows that the defendant knew he was not allowed to possess a weapon because of previous offenses. In addition, defendant's prior felony convictions would easily support a jury finding that the defendant knew of his status. Had the defendant proceeded to trial and not stipulated that he knew of his status, the government would have been entitled to introduce evidence of his prior convictions in order to satisfy its burden of proof. The circumstances of this offense also support an inference that the defendant knew he was not allowed to possess a weapon, *i.e.*, when pursued by police he drew the gun from his waist and tried to throw it away from himself. Given these circumstances, there is no reasonable probability that Mr. Nelson

9

would not have entered a guilty plea if the government had been required to prove his knowledge of his status.

## Conclusion

For the reasons set forth above, the defendant's motion under 28 U.S.C. § 2255 should be denied.

>                               Respectfully Submitted,
>
>                               JASON R. DUNN
>                               United States Attorney
>
>                               s/ *James C. Murphy*
>                               James C. Murphy
>                               Assistant U.S. Attorney
>                               1801 California, Suite 1600
>                               Denver, Colorado  80202
>                               (303) 454-0100
>
>                               USACO.ECFAppellate@usdoj.gov;
>                               James.Murphy3@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/Colorado)**

I hereby certify that on December 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Erin Prall
ERIN PRALL
U.S. Attorney's Office