IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00192-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON LAFRAYE NELSON,

        Defendant.

___

**DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER DENYING 28 U.S.C. § 2255 MOTION**
___

      Contrary to Rule 5(d) of the Rules Governing Section 2255 Proceedings, this Court denied Mr. Nelson's amended motion to vacate his conviction without affording him the requisite opportunity to file a reply. This Court should reconsider and vacate its order, and dispose of the motion to vacate after considering Mr. Nelson's reply, filed separately today.

      Mr. Nelson filed his amended section 2255 motion on September 10, 2019. Doc. 39. Over ten months later, on July 20, 2020, this Court ordered the government to respond by August 13, 2020. Doc. 54. The government filed its response on August 11, 2020. Doc. 58. On the very next day, August 12, 2020, this Court denied Mr. Nelson's section 2255 motion by minute order. Doc. 60.

      Rule 5(d) of the Rules Governing Section 2255 Proceedings provides that "[t]he moving party may file a reply to the respondent's answer or other pleading." The advisory committee notes make clear that this means "[t]he moving party has a *right* to file a reply." Section 2255 Rule 5(d), note to 2019 amend. (emphasis added). The notes go on to say that subsection (d) was

added to "remove[] the discretion of the court to determine whether or not to allow the moving party to file a reply in a case under § 2255." *Id.*

Rule 5(d) also says "[t]he judge must set the time to file unless the time is already set by local rule." If this court's local civil rules apply, they allow 14 days for the filing of a reply. D.C. Colo. L. Civ. R. 7.1(d). This Court entered its order denying Mr. Nelson's section 2255 motion 13 days before that deadline passed. If the court's local criminal rules apply, those rules do not appear to set a deadline for replies. So in that case, this Court should have set a deadline for Mr. Nelson's reply, which it did not do.

Reconsideration is warranted to correct this Court's "clear error" in not following Rule 5(d). *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015).

Reconsideration is also warranted for reasons of basic fairness. This Court denied Mr. Nelson's section 2255 motion in part because, as the government argued in its response, Mr. Nelson procedurally defaulted on his claim. But Mr. Nelson will argue in his reply that the default should be excused because he can show cause and prejudice. This is not an argument that Mr. Nelson should have made in his section 2255 motion. Procedural default is an "affirmative defense," *Gray v. Netherland*, 518 U.S. 152, 165 (1996), meaning that the government "is obligated to raise [it] as a defense or lose the right to assert the defense thereafter," *McCormick v. Parker*, 821 F.3d 1240, 1245 (10th Cir. 2016). For that reason, Mr. Nelson "was under no obligation to address the default until the [government] raised the issue in its response." *Fairchild v. Workman*, 579 F.3d 1134, 1141 n.2 (10th Cir. 2009). By ruling on the section 2255 motion before affording Mr. Nelson the requisite opportunity to file a reply, this Court deprived him of his right to respond to the government's assertion of procedural default as a basis to deny the motion.

This Court also cited Mr. Nelson's stipulation, in his guilty plea, that he had been convicted of a crime punishable by more than one year in prison as a reason to deny his section 2255 motion. But as will be explained in Mr. Nelson's reply, that conclusion was also marred by "clear error." *Huff*, 782 F.3d at 1224. For the element recognized in *Rehaif* to be satisfied, there must be evidence that Mr. Nelson was aware that he had been convicted of such a crime at the time "*he possessed*" the gun. *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). The fact that Mr. Nelson understood he had a qualifying conviction when he pled guilty does not show he possessed that knowledge at the time of the offense. His guilty plea happened months later, and critically, after his lawyer had surely explained to him that he had a conviction that prohibited him from possessing a gun under 18 U.S.C. § 922(g)(1).

Counsel for the government, Assistant United States Attorney James C. Murphy, has informed undersigned counsel that he does not oppose this Court allowing Mr. Nelson to file a reply.

For these reasons, this Court should reconsider and vacate its order denying Mr. Nelson's section 2255 motion, and dispose of the motion to vacate after considering Mr. Nelson's reply.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    /s/ Dean Sanderford
    DEAN SANDERFORD
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Dean_Sanderford@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on August 13, 2020, I electronically filed the foregoing ***Defendant's Unopposed Motion for Reconsideration of Order Denying 28 U.S.C. § 2255 Motion*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

James C. Murphy, Assistant U.S. Attorney
Email:  James.Murphy3@usdoj.gov

Alecia L. Riewerts, Assistant U.S. Attorney
Email:  alecia.riewerts@usdoj.gov


/s/ Dean Sanderford
DEAN SANDERFORD
Assistant Federal Public Defender
Attorney for Defendant

4