IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-192-RBJ-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON LAFRAYE NELSON,

        Defendant.

---

**REPLY TO UNITED STATES'S RESPONSE TO MOTION TO VACATE
CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255**

---

The government's response (doc. 58) does not contest that Mr. Nelson's guilty plea to violating 18 U.S.C. § 922(g)(1) is constitutionally invalid because he was not advised of the element recognized by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Moreover, the government concedes (at 3-4) that Mr. Nelson's 28 U.S.C. § 2255 motion is timely and that *Rehaif* applies retroactively to his case. The government also declines to seek enforcement of the collateral attack waiver in Mr. Nelson's plea agreement, an argument that in any event would be foreclosed by *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).

Instead, the government contends that this Court should not remedy the clear constitutional infirmity in Mr. Nelson's guilty plea because he procedurally defaulted on the claim by not raising it earlier. This Court should reject that argument. Although Mr. Nelson's

*Rehaif* claim is procedurally defaulted, that default should be excused because, as explained below, he can show the requisite cause and prejudice.[1]

### I.     Mr. Nelson can show both cause and prejudice.

A section 2255 movant can raise a procedurally defaulted claim if he shows one of two things: (1) cause and prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Mr. Nelson can show cause and prejudice and so does not need to demonstrate actual innocence.

### A.     Cause

A movant can show cause by demonstrating that the "legal basis" for the claim was not "reasonably available to counsel" at the time of the default. *Bousley*, 523 U.S. at 622 (quoting *Ross*, 468 U.S. at 16). While the Supreme Court has not given the term cause "precise content," it has identified two situations representing "a clear break from the past" in which a claim will always be deemed reasonably unavailable for purposes of showing cause. *Ross*, 468 U.S. at 13, 16. The first is when the Supreme Court "explicitly overrule[s]" one of its own precedents. *Id.* at 16. The second is when the Court "overturn[s] a longstanding and widespread practice to which" the Court had not spoken, "but which a near-unanimous body of lower court authority ha[d] expressly approved." *Id.* The Tenth Circuit recently held that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the Armed Career Criminal Act's residual clause, fell within the first *Ross* category and thus constituted the

---

[1] The government incorrectly suggests (at 6) Mr. Nelson should have argued cause and prejudice in his initial section 2255 motion. Because procedural default is an affirmative defense, Mr. Nelson "was under no obligation to address the default until the [government] raised the issue in its response." *Fairchild v. Workman*, 579 F.3d 1134, 1141 n.2 (10th Cir. 2009).

2

sort of clear break with the past that demonstrates cause. *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017). *Rehaif* falls into the second category.

As Justice Alito noted in his dissent, *Rehaif*, 139 S. Ct. at 2210 & n.6 (Alito, J., dissenting), all ten of the federal appellate courts that addressed the issue before *Rehaif*, including the Tenth Circuit, had held that § 922(g) did not require proof that the defendant knew of his prohibited status. *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991); *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Langley*, 62 F.3d 602, 604-608 (4th Cir. 1995); *United States v. Dancy*, 861 F.2d 77, 80-82 (5th Cir. 1988); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *United States v. Capps*, 77 F.3d 350, 352-354 (10th Cir. 1996); *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008). This consensus among the lower courts more than suffices to show the "longstanding and widespread practice" described by *Ross*. *See MacArthur v. United States*, No. 1:12-cr-00084, 2020 WL 1670369, at *9 (D. Me. Apr. 3, 2020); *United States v. Dillard*, No. 09-cr-57, 2020 WL 2199614, at*5 (D. Nev. May 6, 2020).

This Court should reject the government's argument to the contrary. It is true that cause does not exist whenever a defaulted claim was merely "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623. But Mr. Nelson's claim was not merely unacceptable according to the law of the Tenth Circuit at the time he was convicted. It was unacceptable according to all ten of the circuits that had addressed the question over the prior three decades. This "longstanding," "widespread," and unanimous body of lower court authority foreclosing Mr. Nelson's claim, *Reed*, 468 U.S. at 17, distinguishes his defaulted claim from the

3

one at issue *Bousley*—with respect to which the courts of appeal had been "in conflict." *Bailey v. United States*, 516 U.S. 137, 142 (1995).

The government's argument (at 7) that then-Judge Gorsuch's concurrence in *United States v. Games-Perez*, 667 F.3d 1136 (10th Cir. 2012), precludes a finding of cause fares no better. A claim is not "reasonably available to counsel" so that a finding of cause is foreclosed merely because it has been set out in a non-precedential, non-majority opinion that posits a legal theory that is in open conflict with governing law. To the contrary, the Tenth Circuit has squarely held that cause excused a defendant's "fail[ure] to raise" the claim that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, see *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017) (citing *Reed*, 468 U.S. at 17), notwithstanding the fact that Justice Scalia's dissents in cases like *Sykes v. United States*, 564 U.S. 1 (2011), provided a clear roadmap for the claim years before it was ultimately adopted in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The same reasoning applies here. In light of longstanding, widespread, and unanimous precedent holding that knowledge of prohibited status was not an element of § 922(g), cause excuses Mr. Nelson's prior failure to raise that claim, notwithstanding then-Judge Gorsuch's concurrence in *Games-Perez*.

### B. Prejudice

Mr. Nelson can also show actual prejudice sufficient to overcome the procedural default. As an initial matter, the government is wrong that the applicable prejudice standard in this context is more stringent than the "reasonable probability" test that applies in evaluating prejudice on plain error review in a direct appeal. In fact, the Supreme Court has held that the same "reasonable probability" test that applies on plain error review also applies when

4

evaluating prejudice under the cause and prejudice standard. *Strickler v. Greene*, 527 U.S. 263, 289-91 (1999).

In his section 2255 motion, Mr. Nelson argued that under *Henderson v. Morgan*, 426 U.S. 637 (1976), the prejudice inquiry centers on whether the element missing from the plea was otherwise explained to the defendant or whether he admitted to the facts that establish the element. The government does not (and could not) contend that the defect in Mr. Nelson's plea was harmless under this standard. Instead, it argues (at 6 n.3) that *Henderson* is inapposite because, while it was a habeas case, it did not involve a procedural default and therefore did not address whether the defendant had shown "actual prejudice."

This is a distinction without a difference. It is true that *Henderson* applied the harmless-beyond-reasonable-doubt standard for prejudice, whereas the actual prejudice standard requires application of the reasonable-probability standard. *Compare Henderson*, 426 U.S. at 647, *with Strickler*, 527 U.S. at 289-91. But this difference goes only to the *standard of proof* for showing prejudice, not to the *nature* of the prejudice inquiry. In other words, the difference does not relate to the substance of what constitutes prejudice, but to the level of certainty a court must have that prejudice occurred. A good analogy is to the distinction between clear and convincing evidence and proof beyond a reasonable doubt. What must be proven is the same under either standard. It is just that the proof needs to be more compelling under the latter.

The Tenth Circuit's rejection of a *Henderson*-based argument in *United States v. Trujillo*, 960 F.3d 1196 (10th Cir. 2020), is not dispositive. In that case, the circuit held that *Henderson* did not support the notion that *Rehaif* error constitutes "structural error" requiring "automatic reversal." *Id.* at 1202-03. In so holding, the circuit noted that *Henderson* itself applies harmless

5

error review.  Mr. Nelson is not arguing that *Rehaif* error is structural.  Instead, he is asking this Court to conduct the inquiry into prejudice that the Supreme Court undertook in *Henderson*.

In any event, Mr. Nelson can also show prejudice under a standard focused on whether the error may have affected the outcome.  To do this, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).   Mr. Nelson can meet that standard, one that requires less proof than even a preponderance of the evidence that he would have gone to trial had he been informed of the missing element. *See United States v. Benford*, 875 F.3d 1007, 1017 (10th Cir. 2017). Mr. Nelson may well have taken his chances at trial because he would have rightly judged that it would have been difficult for the government to prove beyond a reasonable doubt that he knew at the time he possessed the gun that he had been convicted of a crime punishable by more than one year in prison.

To begin with, contrary to the conclusion this Court reached in its August 12 minute order (doc. 60), Mr. Nelson's stipulation as part of his guilty plea that he had been convicted of a crime punishable by more than one year in prison does not establish the *Rehaif* element.  For the element to be met, there must be evidence that Mr. Nelson was aware that he had been convicted of such a crime at the time "*he possessed*" the gun. *Rehaif*, 139 S. Ct. at 2194 (emphasis added). The fact that Mr. Nelson understood he had a qualifying conviction when he pled guilty does not show he possessed that knowledge at the time of the offense.  His guilty plea happened months later, and critically, after his lawyer had surely explained to him that he had a conviction that prohibited him from possessing a gun under section 922(g)(1).

Moreover, none of Mr. Nelson's prior felony adjudications clearly put him on notice that he had been convicted of a crime punishable by more than one year in prison.

6

Three of Mr. Nelson's prior felonies are Colorado adjudications of juvenile delinquency. Doc. 30 at 5-6. These adjudications do not even count as qualifying "conviction[s]" under section 922(g). For purposes of the chapter in which section 922(g) is located, "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). And under Colorado law, an adjudication of juvenile delinquency does not amount to a conviction. *See S.G.W. v. People*, 752 P.2d 86, 91 (Colo. 1988) ("Except in those limited circumstances in which a child under the age of eighteen years of age may be prosecuted as an adult, a child who is adjudicated a delinquent under the Colorado Children's Code stands before the juvenile court not as a convicted criminal but as a child in need of reformation."); *Apodaca v. People*, 712 P.2d 467, 471 n.5 (Colo. 1985) ("A delinquency proceeding is not a criminal prosecution, and a delinquency adjudication does not constitute a felony conviction.").

Mr. Nelson has two adult felony convictions, and the first is for possessing a weapon as a previous offender under Colo. Rev. Stat. § 18-12-108. Doc. 30 at 8. The earlier offenses that barred him from possessing a firearm under that statute were clearly the juvenile adjudications discussed above. Section 18-12-108's prohibition on firearm possession covers people who have been "adjudicate[ed] for an act which, if committed by an adult, would constitute a felony, or subsequent to the person's adjudication for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law." § 18-12-108(3). And aside from the juvenile adjudication, Mr. Nelson did not have any convictions that would have disqualified him from possessing a weapon under the Colorado statute.

7

Because Mr. Nelson was barred from possessing a firearm under section 18-12-108 only because of an adjudication of juvenile delinquency, the fact that he was convicted for violating that statute would not have put him on notice that he possessed the status that a section 922(g)(1) conviction requires. While it would have put him on notice that he was prohibited from possessing a firearm under Colorado law, that is not the question under *Rehaif* and section 922(g)(1). The additional element under *Rehaif* is not whether the defendant knew he was prohibited from possessing a firearm, but whether he "knew he belonged to the relevant category of persons barred from possessing a firearm" *under section 922(g)*. *Rehaif*, 139 S. Ct. at 2200. Here, the relevant category is persons who have "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). Mr. Nelson's Colorado conviction did not put him on notice that he possessed that status. Not only does the Colorado statute also prohibit the possession of a firearm by a person who has been adjudicated delinquent, but Mr. Nelson was actually convicted under that statute based on such an adjudication.

Finally, Mr. Nelson would not necessarily have known that his adult Colorado conviction of possessing a weapon as a previous juvenile offender placed him in the category of people convicted of a crime punishable by more than one year in prison. That is because of the sentence he received. For that crime, he was initially sentenced only to probation. Doc. 30 at 8. The Supreme Court itself observed in *Rehaif* that a defendant sentenced to probation may not have known that his offense was punishable by more than one year in prison. 139 S. Ct. at 2198. And although his probation was later revoked, he served only seven months of the one-year sentence imposed before being paroled. Doc. 30 at 8.

8

On his only other felony conviction, for a Colorado drug crime, Mr. Nelson received only a sentence of probation. Doc. 30 at 12. For the reasons just discussed, that conviction also did not put him on notice that he had been convicted of a crime punishable by more than one year in prison.

Given all this, the government may have been hard pressed to show that Mr. Nelson knew, at the time he possessed the firearm in this case, that he had been convicted of a crime "punishable by imprisonment for a term exceeding one year." § 922(g)(1). Because of the evidentiary difficulties the government would have faced on the newly recognized element, there is at least a "reasonable probability" that Mr. Nelson would have put the government to its proof had he been aware of the element's existence. *Dominguez Benitez*, 542 U.S. at 83.

This Court should vacate Mr. Nelson's conviction for violating section 922(g)(1).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

/s/ Dean Sanderford
DEAN SANDERFORD
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Dean_Sanderford@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 13, 2020, I electronically filed the foregoing ***Reply to United States's Response to Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

    James C. Murphy, Assistant U.S. Attorney
    Email:  James.Murphy3@usdoj.gov

    Alecia L. Riewerts, Assistant U.S. Attorney
    Email:  alecia.riewerts@usdoj.gov


                                        /s/ Dean Sanderford
                                        DEAN SANDERFORD
                                        Assistant Federal Public Defender
                                        Attorney for Defendant