APPEAL,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: <u>1:16–cr–00192–RBJ</u> All Defendants

Case title: USA v. Nelson
Magistrate judge case number:  1:16–mj–01079–NYW

Date Filed: 06/07/2016
Date Terminated: 11/04/2016

Assigned to: Judge R. Brooke Jackson

Appeals court case number:
20–1340 USCA 10th Circuit

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Brandon LAdraye Nelson**<br>*TERMINATED: 11/04/2016*<br>*also known as*<br>Brandon Laeraye Nelson<br>*TERMINATED: 11/04/2016*<br>*also known as*<br>Brandon Lafraye Nelson<br>*TERMINATED: 11/04/2016* | represented by | **Jennifer Lynn Beck**<br>Federal Public Defender's Office–Denver<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002<br>Fax: 303–294–1192<br>Email: <u>jennifer_beck@fd.org</u><br>*TERMINATED: 08/20/2020*<br>*LEAD ATTORNEY*<br>*Designation: Public Defender or Community Defender Appointment*<br><br>**Natalie Girard Stricklin**<br>Federal Public Defender's Office–Denver<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002<br>Fax: 303–294–1192<br>Email: <u>natalie_stricklin@fd.org</u><br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br><br>**Oliver Dean Sanderford**<br>Federal Public Defender's Office–Denver<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002 |

1

Fax: 303−294−1192
Email: Dean_Sanderford@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:922G Possession of a Firearm / Ammunition by a Prohibited Person (1) | Defendant is sentenced to a term of imprisonment of fifty−one (51) months, three (3) years supervised release, no fine and a special assessment of $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:922G Possession of a Firearm / Ammunition by a Prohibited Person (2) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:922G.F Felon in Possession of a Firearm | |

**Plaintiff**

USA     represented by     **Beth N. Gibson**
U.S. Attorney's Office−Denver
1801 California Street
Suite 1600
Denver, CO 80202
303−454−0100
Fax: 303−454−0406
Email: Beth.Gibson@usdoj.gov
*TERMINATED: 08/12/2020*
*LEAD ATTORNEY*
*Designation: Federal Agency Attorney*

**Martha Ann Paluch**
U.S. Attorney's Office−Denver

1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402
Email: Martha.paluch@usdoj.gov
*TERMINATED: 08/12/2020*
*LEAD ATTORNEY*
*Designation: Federal Agency Attorney*

**Alecia Lynne Riewerts**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0406
Email: Alecia.Riewerts@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/05/2019 | 36 | 4 | TRANSCRIPT of Change of Plea as to Brandon LAdraye Nelson held on 7/26/2016 before Judge Krieger. Pages: 1–27. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.<br>**<br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (tlind, ) (Entered: 08/05/2019) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00192-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRANDON LADRAYE NELSON,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**

CHANGE OF PLEA

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 2:37 p.m., on the 26th day of July, 2016, in Courtroom A901, United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

    BETH GIBSON, Assistant U.S. Attorney, 1801 California Street, Suite 1600, Denver, Colorado, 80202, appearing for the Government.

    NATALIE STRICKLIN, Assistant Federal Public Defender, 633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

**P R O C E E D I N G S**

1

2          (In open court at 2:37 p.m.)

3          *THE COURT:*  We're convened this afternoon in

4    Case No. 16-cr-192, which is encaptioned the United States of

5    America v. Brandon Lafraye Nelson.  The matter is set down for

6    a change in plea.

7          Could I have entries of appearance, please.

8          *MS. GIBSON:*  Good afternoon, Your Honor.  Beth Gibson

9    for the Government.

10          *THE COURT:*  Good afternoon.  Welcome.

11          *MS. STRICKLIN:*  Good afternoon, Your Honor.  Natalie

12    Stricklin on behalf of Mr. Nelson.  He appears in custody

13    seated to my left.

14          *THE COURT:*  Good afternoon and welcome to you, as

15    well.

16          Would you and your client please approach the lectern.

17          *MS. GIBSON:*  Your Honor, may I make an initial

18    statement about the case?

19          *THE COURT:*  Sure.

20          *MS. GIBSON:*  Thank you, Your Honor.

21          The Government's criminal complaint penalty sheet,

22    indictment penalty sheet have all spelled the name as spelled

23    in the caption of the plea agreement.  It would appear that the

24    clerk's office may have entered an E in the defendant's middle

25    name -- they entered an E as an F.  So it appears to be Lafraye

1    in the Court's document, but the name is L-A-D-R-A-Y-E.

2          *THE COURT:*  How is it pronounces?

3          *THE DEFENDANT:*  It's really LAdraye.

4          *THE COURT:*  I'm sorry?

5          *MS. GIBSON:*  I don't know.

6          *THE DEFENDANT:*  There's supposed to be an E where

7    the --

8          *THE COURT:*  Would you please spell your middle name.

9          *THE DEFENDANT:*  Capital L-A, lower case D-R-A-Y-E.

10         *THE COURT:*  Okay.  Thank you.

11         Ms. Glover, I think you probably can clean that up.

12         *COURTROOM DEPUTY:*  Yes, I can go in and fix it.

13         *THE COURT:*  Thank you very much.

14         This matter is before the Court for a change in the

15   defendant's plea, for rearraignment pursuant to Rule 10, and

16   for consideration of and advisement with regard to the parties'

17   plea agreement in accordance with Rule 11.

18         The record reflects that the defendant was first

19   charged in a criminal complaint on May 19, 2016.  He was

20   charged with violation of 18 U.S.C. Section 922(g)(1).  This

21   was superseded by an Indictment filed on June 7, 2016, in which

22   he was charged with the same charge -- and I note in the

23   caption on the Indictment, there is an error in the spelling of

24   the middle name, as well.  There were two counts in the

25   Indictment, both of violation 18 U.S.C. Section 922(g)(1).  It

1    appears that Mr. Nelson has entered a plea of not guilty to the

2    charges in the Indictment, but I understand that pursuant to

3    the terms of a written plea agreement, he desires to change his

4    plea to a plea of guilty to Count 1 in exchange for the

5    Government's agreement to dismiss Count 2.

6            is that right?

7            MS. STRICKLIN:  Yes, Your Honor.

8            THE COURT:  Would you please rearraign.

9            MS. GIBSON:  Mr. Nelson, to the Count 1 of the

10   Indictment, charging you with a violation of 18 U.S.C.

11   Section 922(g)(1), felon in possession of a firearm, how do you

12   plead, guilty or not guilty?

13           THE DEFENDANT:  Guilty.

14           THE COURT:  Thank you.  Let me stop at this moment and

15   encourage the parties to make a modification in the spelling of

16   the middle name on the plea agreement, as well.

17           MS. GIBSON:  Your Honor, those changes have been made

18   to the caption, paragraph 1, and signature line.

19           THE COURT:  Thank you very much.

20           And, Ms. Stricklin, has your client had an opportunity

21   to initial those, as well?

22           MS. STRICKLIN:  He has not, but I do have a pen.

23           He has now initialed in the three areas where the name

24   was changed.

25           THE COURT:  Thank you.

1    All right.  Mr. Nelson, as of this moment, you're not

2    bound by your plea of guilty.  Indeed, you're not bound by this

3    plea until I accept it.  You can change your mind at any time

4    during this hearing before I accept your plea.  In order to

5    accept your plea, I have to be sure that you understand the

6    charges that have been brought against you; I have to be

7    certain that you understand your choices and the consequences

8    that flow from those choices; I have to be sure that your

9    decision to plead guilty is voluntary and you haven't been

10   pressured into the decision; I have to be sure that there is a

11   factual basis that supports your plea of guilty.  And because

12   the plea agreement provides for you to give up a number of

13   rights, I have to be sure that you understand those rights and

14   you're knowingly and voluntarily waiving them.

15       Throughout this hearing, please let me know if there

16   is anything you don't understand or if you have any questions.

17   If you want to consult with Ms. Stricklin at any time, just let

18   me know, and we'll take a brief recess so you can confer

19   privately.  I will be asking you a number of questions.

20   They're not intended to trap, insult, embarrass, or offend you.

21   Instead, their purpose is to gather the information that I need

22   to consider in order to determine whether I can accept your

23   plea or not.  Therefore, you must answer my questions

24   truthfully and completely.  Indeed, just like a witness, you

25   take a solemn oath promising to answer my questions truthfully

 1  and completely.  If you fail to do so, your answers can be used

 2  against you if an action is brought against you for false

 3  statement or perjury.

 4          Do you understand?

 5          THE DEFENDANT:  Yes.

 6          THE COURT:  Do you want to proceed?

 7          THE DEFENDANT:  Yes.

 8          THE COURT:  Would you please administer the oath.

 9          (Defendant sworn.)

10          THE COURT:  Mr. Nelson, how old are you?

11          THE DEFENDANT:  27.

12          THE COURT:  What level of school did you complete?

13          THE DEFENDANT:  The eleventh.

14          THE COURT:  Do you have any difficulty reading or

15  writing?

16          THE DEFENDANT:  No.

17          THE COURT:  Within the last 24 hours, have you taken

18  any medication?

19          THE DEFENDANT:  No.

20          THE COURT:  Within the last 24 hours, have you used

21  any drug or alcohol?

22          THE DEFENDANT:  No.

23          THE COURT:  To the best of your knowledge, have you

24  ever been diagnosed or treated for any form of mental illness?

25          THE DEFENDANT:  No.

1          THE COURT:  Is there anything about the way you feel

2     today, physically, mentally, or emotionally, that makes it hard

3     for you to understand what is occurring?

4          THE DEFENDANT:  No.

5          THE COURT:  Do you understand the charges against you

6     in the Indictment?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you discussed them with your

9     attorney?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Have you asked her all the questions that

12     you had about them?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Has she answered to your satisfaction?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Are there any questions you want to ask

17     her now?

18          THE DEFENDANT:  No.

19          THE COURT:  Thank you.

20          Ms. Stricklin, could you identify the plea agreement

21     for the record, please.

22          MS. STRICKLIN:  Yes, Your Honor.  The plea agreement

23     is marked as Court's Exhibit 1.

24          THE COURT:  Thank you.

25          Mr. Nelson, would you look at Exhibit 1, please.  Have

1    you read this document?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Have you discussed it with your attorney?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Have you asked her all the questions you

6    had about it?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Has she answered to your satisfaction?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Are there any other questions you want to

11   ask her?

12           THE DEFENDANT:  No.

13           THE COURT:  Would you please look at the last page of

14   the document.  Did you sign it?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Is that your signature there?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Thank you.

19           Ms. Stricklin, did you have an opportunity to review

20   this document with Mr. Nelson?

21           MS. STRICKLIN:  I did, Your Honor.

22           THE COURT:  Did you answer all of his questions?

23           MS. STRICKLIN:  Yes, Your Honor.

24           THE COURT:  Are you satisfied that he understands the

25   contents of this document?

1          MS. STRICKLIN:  Yes, I am.

2          THE COURT:  Did you review all the pertinent

3   discovery?

4          MS. STRICKLIN:  I did.

5          THE COURT:  Does it comport with the facts recited in

6   the plea agreement?

7          MS. STRICKLIN:  It does.

8          THE COURT:  And have you signed this document?

9          MS. STRICKLIN:  I have.

10          THE COURT:  Thank you.

11          Ms. Gibson, have you signed this document,  as well?

12          MS. GIBSON:  I have, Your Honor.

13          THE COURT:  Thank you.

14          Mr. Nelson, I want to draw your attention to a number

15   of provisions in this agreement.  First of all, turn to page 2,

16   subpart C, defendant's waiver of appeal.

17          In this agreement you are stating that you are aware

18   that you have a right to appeal from your sentence, but that

19   you are giving up that right except in three limited

20   circumstances.  You'll only be able to appeal from your

21   sentence if the sentence exceeds the statutory maximum penalty

22   or it exceeds the advisory guideline range that applies to a

23   Total Offense Level of 17 or if the Government appeals from the

24   sentence.

25          You also state here that you recognize that you have a

 1    right to challenge the prosecution, conviction, or sentence by

 2    collateral attack; and you're giving that right up as well,

 3    except in very limited circumstances.  You'll only be able to

 4    bring a collateral attack in a situation where there is an

 5    explicitly retroactive change in the sentencing guidelines or

 6    sentencing statute, in the event you are deprived of the

 7    effective assistance of counsel, or in the event that you've

 8    been prejudiced by prosecutorial misconduct.

 9         Do you understand those rights?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you intend to give them up?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Thank you.  I want to draw your attention

14    as well to the stipulation of facts found in Roman numeral V of

15    this document.  Starts on page 5.  There, the pertinent facts

16    are stated.  These are the facts that the Government believes

17    it could prove if the matter were to go to trial.  And by

18    entering into this agreement, you're admitting that these facts

19    are true.  I'll treat them as true for purposes of considering

20    your plea and also for purposes of sentencing.  Therefore, I'm

21    going to ask Ms. Gibson to recite the facts you have agreed to.

22         Listen closely to them, because when she finishes, I'm

23    going to ask you if these facts are true.  If you have any

24    disagreement with the facts as recited by Ms. Gibson, you must

25    say so.

1          Do you understand?

2          *THE DEFENDANT:*  Yes.

3          *THE COURT:*  Thank you.

4          Ms. Gibson, would you recite the facts upon which the

5     parties agree.

6          *MS. GIBSON:*  Yes.  On May 18, 2016, the Denver Police

7     responded to a report that shots were fired at 33rd and Holly

8     in the Park Hill neighborhood in Denver, Colorado.  Eleven

9     minutes later, approximately half a mile away, Officer Marshall

10    saw the defendant in Elk Park Townhomes.  Officer Marshall

11    approached the defendant, who matched the general description

12    of a person who had fired a gun.  The defendant fled on foot.

13    Officer Marshall saw the defendant take a gun from his waist

14    and throw it onto the front porch of a residence.  The

15    defendant fell down and was arrested.

16          Officers immediately went to the porch and recovered a

17    loaded firearm, a Jiminez Arms Model JA 9-millimeter pistol

18    with serial number 296698.  Shell casings that matched the

19    firearm were found in the area of 33rd and Holly.  After his

20    arrest, the defendant was unstable and was taken to the

21    hospital.  While in the cell at jail, the defendant admitted

22    possessing the firearm and denied that he was the person to

23    fire the gun.

24          Before possessing that firearm in 2016, the defendant

25    was convicted of two felony offenses.  In 2011, he was

 1    convicted of distribution of a Schedule IV controlled

 2    substance.  Approximately nine years ago, in 2007, he was

 3    convicted of possession of a weapon by a previous offender.

 4         An expert within the ATF determined that the Jiminez

 5    Arms firearm and ammunition the defendant possessed traveled

 6    into Colorado after it was manufactured outside the state.

 7              THE COURT:  Mr. Nelson, are these facts true?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  Thank you.

10         Let's talk, then, about the penalty that can be

11    imposed.  For violation of 18 U.S.C. Section 922(g)(1), federal

12    statute provides for a maximum of ten years of imprisonment, a

13    maximum of a $250,000 fine, both can be imposed, a term of

14    imprisonment can be followed by a maximum of three years of

15    supervised release.  There is a $100 special assessment fee.

16         In the federal system, we measure penalties

17    differently than they are measured in the state system.  In the

18    federal system, we measure prison terms in terms of months,

19    there is no automatic reduction, and there is no parole.  That

20    means that every month you're sentenced to serve, you will

21    serve.

22         There are a limited number of ways to reduce a prison

23    sentence.  Some of those you are giving up in this plea

24    agreement.

25         First, one can reduce a prison sentence by a

 1    successful motion for reduction based on cooperation with the

 2    Government.  This motion is usually brought shortly after

 3    judgment is entered.

 4         A second way to reduce the sentence is through a

 5    successful appeal and resentencing.  But, remember, you gave up

 6    your right to appeal except under very limited circumstances.

 7         A third way to reduce the sentence is through a

 8    successful collateral attack on the prosecution, judgment, or

 9    sentence.  But, remember, you're giving up that right in this

10    agreement except under very limited circumstances.

11         And the fourth way to reduce a sentence is through

12    exercise of discretion of the Bureau of Prisons.  And

13    "discretion" is the operative word.  The Bureau of Prisons has

14    the authority and discretion to give you some credit for good

15    time served, but they're not obligated to.  They can give you

16    up to 54 days per year for good time served, but their decision

17    to do that is a function of their assessment and your behavior.

18         Now, a prison term may be followed by a period of

19    supervised release.  And during the period of supervised

20    release -- which can be as long as three years -- you are

21    required to comply by the -- comply with the terms and

22    conditions that are imposed in the judgment.  Those terms and

23    conditions fall roughly into two categories.  The mandatory and

24    standard conditions apply to all terms of supervised release,

25    and those conditions are numerous.  I'm not going to recite all

1   of them, but I'll draw your attention to several.

2          One is that you cannot commit any new crimes, state,

3   federal, or local; another is that you may not use, sell, or

4   possess any illegal substances.

5          And I pause here because it's important to realize

6   that you will not be able to use marijuana.  People who are not

7   serving a sentence can lawfully use marijuana in Colorado, but

8   it is a standard term of supervised release that you will not

9   be able to use marijuana or any derivative.

10          In addition, you will not be able to use, sell, or

11   possess any firearms.

12          Now, there are also a second group of conditions, and

13   these conditions are unique to you and to your particular

14   circumstances.  We call them special conditions; and their

15   purpose is to address issues that you have, with the hope that

16   this will enable you to reintegrate back into society and not

17   commit any more crimes.  What that means is that if you have,

18   for example, an issue with regard to substance abuse, you may

19   be required to go through mandatory substance abuse treatment

20   and successfully complete it; the same is true with alcohol

21   abuse; and the same is true with mental health issues.

22          What's important to know about all of these conditions

23   is that they're not optional; they're mandatory.  You have to

24   comply with all of them all of the time.  It's not good enough

25   to just try; it's not good enough to comply with some but not

1   others.  If you don't comply with all of them all of the time,

2   the Probation Office and the U.S. Attorney may bring you back

3   here to this courtroom or to another courtroom and may ask to

4   have your supervised release period revoked.  If it's revoked,

5   you can be sent back to prison for more time in prison.

6           Now, the statutory penalty, with a maximum of ten

7   years of imprisonment and a $250,000 fine, is the maximum

8   penalty that can be imposed.  But in deciding what penalty is

9   appropriate, I have to look to other statutes and the federal

10  sentencing guidelines.  The overarching statute for sentencing

11  in the federal system is 18 U.S.C. Section 3553.  And it

12  requires me to impose a sentence that is sufficient but no

13  greater than necessary to satisfy particular objectives.  So

14  your sentence, like all other sentences, must promote respect

15  for the law, provide just punishment, adequately deter criminal

16  conduct, protect the public from further crimes by you and

17  provide the defendant -- provide you with needed educational or

18  vocational training, medical care, or other correctional

19  treatment in the most effective manner.

20          Now, in order to craft a sentence that meets those

21  objectives, the same statute tells me what factors to consider:

22  The nature and circumstances of your offense; your history and

23  characteristics; the kinds of sentences that are available;

24  what the federal sentencing guidelines would require; the need

25  to avoid unwarranted sentence disparities among defendants with

Case No. 1:16-cr-00209-RBJ Document 78 filed 09/08/05 USDC Colorado pg 19 of 30

1   similar records found guilty of similar conduct; and in the

2   appropriate case, I would consider the need for restitution.

3           In your plea agreement, beginning on page 6, there is

4   at roman numeral VI, a calculation of what the attorneys think

5   will apply under the federal sentencing guidelines.  There are

6   several things that you need to know about this calculation.

7   The first is that it is not a guaranteed sentence; and, indeed,

8   there is no guaranteed sentence.  The second is that this is an

9   estimate based on the attorneys' best information at the time

10  that you entered into this plea agreement.  But at the time of

11  sentencing, we will not be working from this plea agreement;

12  and we may not be working from this calculation.  The document

13  that we will be turning to is called the presentence

14  investigation report.  It's prepared by the probation office of

15  the court.  And it, too, has a calculation under the federal

16  sentencing guidelines.  It is that calculation that we will be

17  working from.  And I will tell you that in my experience, the

18  calculation in the presentence report and the calculation in

19  the plea agreement agree about 50 percent of the time.

20          Now, you and Ms. Stricklin will meet with the

21  probation officer who will prepare this report.  And then after

22  the report is prepared, you'll get an opportunity to look at

23  this report.  And if you think there is a problem with it or

24  any grouping of problems, you can bring those to the attention

25  of the probation officer; and if it's not resolved, then you

1   can raise them at the time of sentencing.

2           The third thing that you need to understand is that

3   the calculation under the federal sentencing guidelines is only

4   one factor that I consider.  It's an important factor, but it's

5   not the only one.  It's a starting point, but sometimes it's

6   not the ending point.  And that's because, as you remember, I

7   have to impose a sentence that comports with the sentencing

8   objectives I mentioned a few minutes ago.  And if the

9   sentencing range under the federal sentencing guidelines

10  doesn't do that, then I can impose what is called a

11  non-guideline sentence.  Now, sometimes people call that a

12  statutory sentence; sometimes they call it a variant sentence;

13  but it all means the same thing.  It's a sentence outside the

14  guideline range; and it can be higher than the guideline range

15  or it can be lower than the guideline range, whatever is

16  necessary in order to satisfy those sentencing objectives.

17          Now, your sentencing hearing will occur a number of

18  weeks from now.  And as I explained, the probation officer will

19  go meet with you and prepare the presentence report.  I don't

20  want there to be any confusion, however.  "Probation officer"

21  is simply the title of the person who is preparing the report;

22  it has nothing to do with the penalty to be imposed.

23          At sentencing, each of the attorneys will have an

24  opportunity to argue as to what the appropriate sentence should

25  be.  You'll have an opportunity to make a statement.  If there

 1    are others who want to say something on your behalf, however,

 2    they may not do so during the hearing.  They can send a letter

 3    to the probation officer who prepared the report.  Not to me,

 4    but to the probation officer.  That letter or letters will be

 5    attached to either the presentence report or an addendum.  They

 6    will be filed in the court record, and they'll be filed under

 7    restriction so that the public cannot read what they have to

 8    say.

 9         Do you understand the factors that I'll be considering

10    in determining your sentence?

11         *THE DEFENDANT:*  Yes.

12         *THE COURT:*  Do you understand the maximum sentence

13    that can be imposed?

14         *THE DEFENDANT:*  Yes.

15         *THE COURT:*  Do you understand that the charge you're

16    pleading guilty to is a felony charge?

17         *THE DEFENDANT:*  Yes.

18         *THE COURT:*  Do you understand that if I accept this

19    plea, it may impact your civil rights, including your right to

20    vote or hold public office, serve on a jury, possess a firearm,

21    or obtain any number of licenses?

22         *THE DEFENDANT:*  Yes.

23         *THE COURT:*  Do you understand that the sentence I

24    impose may be more severe than what is calculated in the plea

25    agreement?

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  And do you understand that no matter what

 3    the sentence ultimately is, if I accept your plea today, you

 4    will not be able to withdraw it at the time of sentencing?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  Do you have any questions about

 7    sentencing?

 8              THE DEFENDANT:  No.

 9              THE COURT:  All right.  Let's turn to the statement in

10    advance.

11              Ms. Stricklin, would you identify that.

12              MS. STRICKLIN:  Yes, Your Honor.  The Statement by

13    Defendant in Advance of Guilty Plea is marked as Exhibit 2.  I

14    am now making the correction to Mr. Nelson's middle name, and I

15    will have him initial that correction as well.

16              THE COURT:  Thank you.

17              Mr. Nelson, have you read this document?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Have you discussed it with your attorney?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Have you asked her all the questions you

22    had about it?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Has she answered to your satisfaction?

25              THE DEFENDANT:  Yes.
```

1          THE COURT:  Are there any other questions you want to

2     ask her about this document?

3          THE DEFENDANT:  No.

4          THE COURT:  Do you understand its contents?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Thank you.  Then let me review with you

7     the constitutional rights that you're giving up today by

8     entering a plea of guilty.

9          Under the United States Constitution, you have a

10    number of rights; and you are giving up many of those by

11    entering this plea of guilty today.  First and foremost, the

12    Constitution guarantees you that when a charge like this is

13    brought against you, you have a right to have it determined by

14    a jury of your peers at a jury trial.  Now, ordinarily, that

15    jury trial would take place in this courtroom; and the jury

16    would be to my left in the jury box.  Twelve people would be

17    selected to serve on that jury, and you and your attorney and

18    the Government's attorney would participate in the selection of

19    those people.  Both you and the Government could excuse any

20    prospective juror for cause.  That means that the person has

21    such extreme views that he or she cannot be fair and impartial

22    or he or she is unwilling or unable to apply the law.  In

23    addition, there are certain number of jurors that you can

24    excuse without giving any explanation at all.  And the same is

25    true for the Government.

1    Once the jurors have been selected, they all take a

2    solemn oath, promising to consider only the evidence that is

3    presented here in the courtroom and to follow the instructions

4    that I give them as to the law.  One of the instructions that I

5    give them tells them that in order to convict you, they have to

6    reach a unanimous decision based on what they see and hear in

7    the courtroom.

8    If you turn to page 4 of your plea agreement,

9    Exhibit 1, you will see the thee elements that the Government

10   must prove beyond a reasonable doubt in order to convict you.

11   In order to convict you, the jury must agree that the

12   Government has proven each one of these elements beyond a

13   reasonable doubt.  Or put another way, if any one of the twelve

14   jurors has a reasonable doubt as to the proof for any one of

15   these elements, you cannot be convicted.

16   Now, during the trial, you have a right to remain

17   silent.  That means no one can force you to answer questions,

18   to testify, or to make any statement.  More importantly, it

19   means that the jury cannot consider your silence in determining

20   whether the Government has proven these elements beyond a

21   reasonable doubt.  Your attorney can speak for you, ask

22   questions of witnesses, challenge evidence, present evidence,

23   make arguments to the jury, make arguments to me; but because

24   the right to remain silent is a right, you can waive it.  You

25   can change your mind and testify if you'd like, and you can

1    make that determination before trial or during trial.  You

2    always have the right to present evidence.  And if there are

3    witnesses that you would call to testify on your behalf, and

4    they're reluctant to come forward, I would compel them to

5    testify.

6         You also have the right to be represented by counsel.

7    And when you cannot afford an attorney, one is appointed for

8    you without any cost to you.  That's the role that

9    Ms. Stricklin has been playing.  And although she's negotiated

10   this plea agreement for you, I have every confidence that if

11   you would prefer to go to trial, she would represent you ably

12   and well at trial.

13        If you went to trial and you were convicted, you could

14   appeal from your conviction and also from your sentence.  But

15   by pursuing this plea agreement and entering a plea of guilty

16   today, you are giving up your right to appeal from your

17   conviction, and you are also giving up your right to appeal

18   from your sentence except under very limited circumstances.

19        Do you understand that you're waiving your right to a

20   jury trial and other constitutional rights associated with it

21   by making your plea of guilty today?

22        *THE DEFENDANT:*  Yes.

23        *THE COURT:*  Is that what you want to do?

24        *THE DEFENDANT:*  Yes.

25        *THE COURT:*  Where are you being housed?

1           THE DEFENDANT:  Clear Creek.

2           THE COURT:  Have you been treated all right?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Has anybody pressured you to make this

5  plea today?  And before you respond, let me define "anybody"

6  for you.  I really mean the broad scope of anybody.  That

7  includes family, friends, neighbors, business associates; it

8  includes folks here at the courthouse, or law enforcement

9  officers, or people where you're being detained, or the

10  attorneys, or anybody I have not mentioned.  Has anybody

11  pressured you to enter this plea today?

12          THE DEFENDANT:  No.

13          THE COURT:  Have you had enough time to review and

14  consider and discuss your plea and plea agreement with

15  Ms. Stricklin?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you satisfied with her representation

18  of you in this case?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you have any concerns, complaints, or

21  criticism about her representation?

22          THE DEFENDANT:  No.

23          THE COURT:  Do you want to ask her any questions?

24          THE DEFENDANT:  No.

25          THE COURT:  Do you have any questions for me?

 1          THE DEFENDANT:  No.

 2          THE COURT:  Well, then, now is the time to finalize

 3     your decision.  This plea agreement you and I have been

 4     discussing, Exhibit 1, do you still want to proceed with it?

 5          THE DEFENDANT:  Yes.

 6          THE COURT:  Do you still want to enter a plea of

 7     guilty to violation of 18 U.S.C. Section 922(g)(1)?

 8          THE DEFENDANT:  Yes.

 9          THE COURT:  Counsel, any reason not to accept the plea

10     or the plea agreement?

11          MS. GIBSON:  No, Your Honor.

12          MS. STRICKLIN:  No, Your Honor.

13          THE COURT:  Thank you.

14          Do either of you desire to supplement the record?

15          MS. GIBSON:  No, Your Honor.

16          MS. STRICKLIN:  No.  Thank you.

17          THE COURT:  Ms. Gibson, this plea agreement

18     anticipates the dismissal of Count 2 in the Indictment.  Are

19     you prepared to make a motion to dismiss at this point?

20          MS. GIBSON:  I am, Your Honor.  The Government moves

21     to dismiss Count 2 of the Indictment.

22          THE COURT:  Thank you.

23          Does the remaining charge reflect the seriousness of

24     the actual offense behavior?

25          MS. GIBSON:  It does.

1     THE COURT:  If I were to accept the agreement, would

2  the statutory purposes of sentencing or sentencing guidelines

3  be undermined in any fashion?

4     MS. GIBSON:  No, Your Honor.

5     THE COURT:  Thank you.

6     Any opposition?

7     MS. STRICKLIN:  No, Your Honor.

8     THE COURT:  Thank you.

9     Then based upon the record made in open court today in

10  Case No. 16-cr-192, in the United States of America v. Brandon

11  LAdraye Nelson, I hereby find that the defendant is fully

12  competent to enter an informed plea; he's been represented

13  through the course of this case; and he has no objection,

14  criticism, or complaint as to the representation he's received;

15  he's aware of the nature of the charges against him and the

16  effects and consequences of his plea of guilty; he has

17  knowingly and voluntarily waived fundamental constitutional

18  rights, including his right to a jury trial; he understands

19  that the penalty imposed by the Court will be based in part on

20  the facts stated in the plea agreement and may exceed that

21  which is recommended in it; his plea of guilty is voluntary and

22  knowingly made; and the charge and plea is supported by an

23  independent basis in fact.

24     The Government has moved to dismiss Count 2 of the

25  Indictment in accordance with the plea agreement, and good

1    cause exists to grant that motion.  The remaining charge, Count

2    1, adequately reflects the seriousness of the actual offense

3    behavior; and the agreement does not undermine the statutory

4    purposes of sentencing.

5          It's therefore ordered that Exhibits 1 and 2 are

6    received.  The plea as made in open court today is accepted,

7    and Mr. Nelson is adjudged guilty as charged in Count 1 of the

8    Indictment.  The motion to dismiss Count 2 is granted; however,

9    the effect of the order is stayed until the time of sentencing.

10   The probation department will conduct a presentence

11   investigation and submit a presentence report as required by

12   Rule 32, and Mr. Nelson with the assistance of counsel will

13   participate in the investigation and cooperate fully with the

14   probation department.

15         Looks like to me that you all have set sentencing in

16   this case for Halloween, October 31, 2016, at 9 o'clock a.m.

17   Still work for everybody?

18         *MS. GIBSON:*  Yes, Your Honor.

19         *MS. STRICKLIN:*  Yes, Your Honor.

20         *THE COURT:*  Does not appear that there are any pending

21   motions.  Have I overlooked anything?

22         *MS. STRICKLIN:*  You have not.

23         *MS. GIBSON:*  No, Your Honor.

24         *THE COURT:*  Okay.  Trial was vacated upon the filing

25   of notice of disposition.  Are there any issues that we need to

```
 1   address with regard to detention?

 2           MS. GIBSON:  No, Your Honor.

 3           MS. STRICKLIN:  No, Your Honor.

 4           THE COURT:  Thank you.

 5           Any further business, then, by the Government or the

 6   defendant?

 7           MS. GIBSON:  No, Your Honor.

 8           MS. STRICKLIN:  No, thank you.

 9           THE COURT:  Thank you, then, counsel; thank you to our

10   marshal staff and our court staff.

11           Mr. Nelson will be remanded to the care of the United

12   States Marshal Service.  That will conclude this matter, and

13   we'll stand in recess.

14           (Recess at 3:15 p.m.)

15

16

17                   REPORTER'S CERTIFICATE

18           I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled matter.
19
             Dated at Denver, Colorado, this 2nd day of August,
20   2019.

21

22

23                                Therese Lindblom,CSR,RMR,CRR

24

25
```