CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. BRANDON LADRAYE NELSON                           DKT. NO. 1:16CR00192-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Jordan Buescher, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Brandon LaDraye Nelson, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on October 26, 2020.  The defendant was sentenced to a time served sentence and 30 months' supervised release for violations of supervised release related to his original conviction for the offense of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 34 and 82, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release).  The defendant's second term of supervised release commenced on October 27, 2020, and is set to expire on April 26, 2023.  As noted in the judgment, the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 3, November 14, December 9, and December 20, 2020, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release. [1]

---

[1] The Probation Office believes that the defendant's possession and use of cocaine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.  In *U.S. v Rodriguez*, Appellate Case No. 18-1449 (10th Cir. December 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

On October 30, 2020, the defendant and I conducted a thorough intake meeting to discuss the conditions the Court had ordered and specifically spent a substantial amount of time on the requirement that he refrain from use or possession of controlled substances.

On each of the aforementioned dates, the defendant submitted random urine screens at the residential reentry center (RRC) that tested positive for cocaine. The urine specimens were sent to Alere Toxicology for confirmation. Alere Toxicology confirmed the presence of cocaine in each of the samples submitted by the defendant, except for the urine specimen submitted on December 20, 2020 (confirmation pending). The defendant admitted using cocaine due to being stressed out. The defendant was referred for dual diagnosis treatment, as well as moral reconation therapy (MRT). According to his counselor, he was less than forthcoming about his use of controlled substances. Additionally, the Probation Office admonished his behaviors surrounding use of illegal drugs on each occasion, but he has continued to engage in drug abuse. The defendant denied using cocaine on or about December 20, 2020.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 10, and December 4, 2020, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On October 30, 2020, the defendant and I conducted a thorough intake meeting to discuss the conditions the Court had ordered and specifically spent a substantial amount of time on the requirement that he refrain from use or possession of controlled substances.

On November 10, and again on December 4, 2020, the defendant submitted random urine screens at the RRC that tested positive for marijuana. The urine specimens were sent to Alere Toxicology for confirmation. Alere Toxicology confirmed the presence of marijuana in both the samples.

The defendant was referred for dual diagnosis treatment, as well as moral reconation therapy (MRT). According to his counselor, he was less than forthcoming about his use of controlled substances. Additionally, the Probation Office admonished his behaviors surrounding use of illegal drugs on each occasion.

3. **FAILURE TO RESIDE IN/COMPLY WITH THE RULES OF THE RESIDENTIAL REENTRY CENTER (RRC)**

Beginning on or about November 3, 2020, until on or about January 5, 2021, the defendant has failed to comply with the rules of the RRC, and as a result, has been terminated from placement. This constitutes a Grade C violation of supervised release.

Case No. 1:16-cr-00192-RBJ   Document 84   filed 01/08/21   USDC Colorado   pg 3 of 4

| Brandon LaDraye Nelson | Petition for Warrant on Person Under Supervision | January 8, 2021 |
|---|---|---|
| 1:16CR00192-1 | Page 3 | |

On November 3, 2020, the defendant entered the RRC per the order of the Court. Since his arrival, he has submitted urine specimens, whereas at least five have returned positive for controlled substances (cocaine and marijuana).  The defendant has also been reprimanded for being at unapproved locations in the community for numerous hours, while he was supposed to be working.  As a result, on January 7, 2020, the defendant's placement at the RRC has been terminated.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant has a pending state case alleging a felony and multiple misdemeanor charges in Adams County District Court, Case Number 20CR753, involving criminal mischief, assault, and child abuse which occurred on the day he commenced his first term of supervised release.  The Court was made aware of this during the revocation proceedings on his first term of supervised release in October 2020.  This case is still pending, and a protection order is in place for the protected parties.  It should be known that even with the protection order in place, the defendant still requested permission from the RRC to spend time with the protected parties during the Christmas holiday.  Furthermore, the Honorable Michael E. Hegarty recently issued a warrant for the collection of the defendant's DNA, based on an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

The defendant has a history of failing to appear while on bond, resulting in at least 20 warrants being issued, failures to comply with previous terms of probation, and has shown a total disregard for the Court ordered conditions of supervised release, so soon after being before this same Court on a prior revocation.

The defendant's criminal history, continued non-compliance with the Court's orders, and pending state a federal felony cases show the danger and non-appearance risk factor he presents.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the initial appearance of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Jordan Buescher*
  Jordan Buescher
  United States Probation Officer
  Place:   Denver
  Date:    January 8, 2021

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:  Denver
Date:   January 8, 2021

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 18 to 24 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's ongoing non-compliance, and total disregard of the Court's order so soon after a revocation, it is recommended that the defendant be detained pending final revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  Almost immediately upon release from imprisonment on his second term of supervised release, and while two felony cases are pending, the defendant has engaged in use of illegal substances and has shown that he cannot be accountable in the community, all while an active protection order is in place.  The defendant has an extensive prior criminal record including convictions for Possession of a Weapon, Drug Possession, Driving Under the Influence, and Driving Under Revocation.  In addition, he presents a risk of non-appearance based on his history of at least 20 warrants being issued in response to the defendant failing to appear for court.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.