FILED
United States Court of Appeals
Tenth Circuit

October 28, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BRANDON LAFRAYE NELSON,<br><br>Defendant - Appellant. | No. 20-1340<br>(D.C. No. 1:16-CR-00192-RBJ-1)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **HOLMES**, Circuit Judges.
_____

Brandon LaFraye[1] Nelson filed a 28 U.S.C. § 2255 motion, seeking to vacate his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He claimed his plea was invalid because the district court failed to advise him under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that the government had to prove, as an element of the offense, that he knew his prohibited

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The record indicates that Mr. Nelson's middle name is "LAdraye," *e.g.*, R., vol. 1 at 53-54, but consistent with the parties' briefing, we use "LaFraye."

status—*viz.*, that he was a felon, when he possessed the firearm. The district court denied the motion, ruling the claim was procedurally defaulted because Mr. Nelson failed to raise it on direct appeal, but the court granted a certificate of appealability (COA). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2255(d), we affirm.

I

In 2016, police responded to reports of gunshots fired in a Denver, Colorado neighborhood. Shortly after police arrived on scene, an officer spotted Mr. Nelson approximately one-half mile away. He matched the general description of the suspect, and as the officer approached, Mr. Nelson ran, drew a gun from his waist, and threw it onto the front porch of a residence. He was apprehended when he fell, and police immediately recovered the gun, which was loaded, from the porch. Shell casings matching the gun were found at the location where the shots were fired, and Mr. Nelson admitted that he possessed the gun, although he denied that he was the person who fired it. At that time, he had two prior felony convictions for possession of a weapon by a previous offender and distribution of a controlled substance.

Mr. Nelson was indicted on two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the first count, and in exchange for his plea, the government agreed to dismiss the second count. The plea agreement described the elements of the offense as follows:

*First*: The defendant knowingly possessed a firearm;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

> *Third*: Before the defendant possessed the firearm, the firearm had moved across state lines.

R., vol. 1 at 11. At the change of plea hearing, the district court advised Mr. Nelson that the government had to prove each of these elements to convict him under § 922(g)(1). He did not object to the advisement, and he admitted that he had been twice previously convicted of a felony. His applicable sentencing guideline range was 46-57 months in prison, and after accepting his plea, the district court sentenced him to 51 months in prison. Consistent with his plea agreement, Mr. Nelson did not appeal.[2]

When Mr. Nelson pleaded guilty, the law did not require that he know he was a felon at the time he possessed the gun to convict him under § 922(g)(1). *See, e.g.*, *United States v. Silva*, 889 F.3d 704, 711 (10th Cir. 2018). Afterwards, however, the Supreme Court held in *Rehaif* that a defendant's knowledge of his prohibited status is an element of a § 922(g) offense. 139 S. Ct. at 2199-2200. Thus, based on *Rehaif*, Mr. Nelson filed an amended § 2255 motion, seeking to vacate his guilty plea because the district court failed to advise him that he needed to know he was a felon at the time he possessed the gun to convict him under § 922(g)(1).[3] The district court, by minute order, denied the motion, ruling Mr. Nelson procedurally defaulted

---

[2] Mr. Nelson's plea agreement contained a waiver of both his right to an appeal and his right to bring a collateral attack under 28 U.S.C. § 2255, but the government does not seek to enforce the § 2255 waiver. *See* Aplee. Br. at 7 n.2.

[3] The government concedes for purposes of this appeal that *Rehaif* applies retroactively to cases on collateral review. *See* Resp. Br. at 7.

his claim by failing to raise it on direct appeal and, in any event, he stipulated he had been previously convicted of a crime punishable by more than one year in prison. The court reaffirmed its decision on reconsideration but granted a COA.

II

"In a § 2255 appeal, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Lewis*, 904 F.3d 867, 870 (10th Cir. 2018) (internal quotation marks omitted). "A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). "[A] plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him." *Id.* (internal quotation marks omitted). However, the "intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* at 621. Failure to raise a claim on direct appeal results in procedural default, which precludes relief on collateral review unless "the defendant can first demonstrate [both] cause and actual prejudice." *Id.* at 621-22 (internal quotation marks omitted).[4]

We need not decide whether Mr. Nelson can show cause because he cannot establish he was prejudiced by the district court's failure to advise him under *Rehaif*. *See United States v. Frady*, 456 U.S. 152, 168 (1982) (declining to consider cause

---

[4] A movant also may overcome procedural default by demonstrating actual innocence, *see, e.g.*, *United States v. Hisey*, 12 F.4th 1231, 1235 (10th Cir. 2021), but Mr. Nelson does not pursue an actual-innocence theory, *see* Aplt. Br. at 3 n.2.

because petitioner could not show prejudice). Prejudice requires "an error of constitutional dimensions that worked to his actual and substantial disadvantage." *United States v. Snyder*, 871 F.3d 1122, 1128 (10th Cir. 2017) (internal quotation marks omitted). The mere "possibility of prejudice" is not enough to excuse a procedural default. *Frady*, 456 U.S. at 170 (italics omitted). A movant must show "there is a reasonable probability that, but for [the error], he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A movant may establish prejudice with "evidence tending to show that had he been advised [properly], he would have elected to proceed to trial." *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004).

Mr. Nelson fails to meet his burden. *See Frady*, 456 U.S. at 170 (recognizing it is the movant's burden to show prejudice). He first contends the district court erred in deducing that he knew he was a felon at the time he possessed the gun because he stipulated he was a felon at the time he pleaded guilty. He argues that despite his stipulation, he may not have known he was a felon earlier when he actually possessed the gun. While his stipulation may not conclusively establish that he knew he was a felon at the time he possessed the gun, some courts, including this one, have recognized that a defendant's stipulation to his prior felony permits the inference that he did know of his prohibited status. *See United States v. Arthurs*, 823 F. App'x 692, 696 (10th Cir. 2020) (noting a defendant's stipulation to his prior felony, "though not dispositive, can provide a basis for a jury to infer that the

5

defendant knew of his or her prohibited status");[5] *United States v. Raymore*, 965 F.3d 475, 485-86 (6th Cir. 2020) (recognizing on plain-error review that, "while [the defendant's] stipulation does not automatically establish [his] knowledge of his status, it is strongly suggestive of it" (brackets and internal quotation marks omitted)). In fact, the Supreme Court recently evaluated a pair of *Rehaif* claims under the plain-error standard governing unpreserved claims raised on direct appeal and observed that, ordinarily, a felon knows he is a felon:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

*Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (internal quotation marks and citation omitted).

Mr. Nelson cites no evidence indicating he did not know he was a felon when he possessed the gun. *See id.* at 2098 (noting defendants did not argue or represent "that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms"). He stipulated that he had been twice convicted of a felony when he pleaded guilty to the § 922(g) violation. And his

---

[5] We may cite unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

burden on collateral review is even more onerous than the "difficult" plain-error standard that governed in *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted).  *See United States v. Bailey*, 286 F.3d 1219, 1222-23 (10th Cir. 2002) (concluding that appellant could not show actual prejudice for purposes of obtaining collateral relief where he failed to satisfy the less onerous standard of plain-error review).  Nothing about this argument suggests a reasonable probability that Mr. Nelson would have gone to trial if he had known of the *Rehaif* element.  *See Hill*, 474 U.S. at 59.

      Mr. Nelson also contends the government's evidence on the *Rehaif* element was weak.  He says he was sentenced only to 60 days in jail and to probation, respectively, for his prior felonies, and thus, he might not have known his convictions were felonies punishable by more than one year in prison because he was not sentenced, and did not serve, more than a year in prison.  But it is his burden to show a reasonable probability that he would have gone to trial but for the *Rehaif* error.  *See id.*; *Frady*, 456 U.S. at 170.  This argument attempts to improperly shift the burden to the government to show he would not have gone to trial if he had been correctly advised.  And even if the government may have had some difficulty proving Mr. Nelson knew his prohibited status, that alone does not show a reasonable probability that he would have gone to trial.

      Finally, Mr. Nelson suggests he may not have known he was prohibited from possessing a gun under federal law because one of his prior felonies—possession of a weapon by a previous offender—was based on his state juvenile adjudications.  But

his juvenile adjudications are irrelevant here. This is not a case in which the record suggests the petitioner may have been confused that a single adult felony conviction was one of several violent juvenile adjudications. *Cf. United States v. Wilson*, 853 F. App'x 297, 305-06 (10th Cir. 2021). Mr. Nelson had three felony juvenile adjudications, several adult infractions, and two adult felony convictions. The adult felony convictions were the exclusive predicate for his guilty plea for violating § 922(g)(1). *See* R., vol. 1 at 13. Although he was sentenced to less than a year in prison and was convicted of one of those adult felony offenses—possession of a weapon by a previous offender—at the age of 18, he was 23 when he pleaded guilty in 2012 to his second adult felony for distribution of a controlled substance, *see id.* at 35.[6] Given these circumstances, there is no plausible argument that he was confused that his second adult felony conviction was a juvenile adjudication. And his service of less than one year in prison is not, by itself, enough to sustain his burden. The question before us, then, remains whether he has shown a reasonable probability that he would have demanded a trial if he had been advised that the government needed to prove, as an element of the § 922(g) offense, that he knew he was a felon when he possessed the gun. Again, Mr. Nelson offers no evidence indicating he would have

---

[6] The record does not definitively indicate that Mr. Nelson was 23 when he pleaded guilty to his second adult felony conviction, but the district court noted he was 21 in 2010, so we assume he was 23 two years later when he pleaded guilty to the second adult felony in 2012. Our analysis would be the same, however, even if he was still 22 when he was convicted of the second adult felony.

made that choice. To the contrary, the record suggests he would not have gone to trial, even if he had known the government needed to prove the *Rehaif* element.

Indeed, Mr. Nelson admitted that he possessed the gun. He also stipulated that he had two prior felony convictions. When the police approached him, he fled on foot, drew the gun from his waist, and threw it onto the front porch of the residence. This behavior, consistent with his admissions, strongly suggests that he knew he was a felon at the time he possessed the gun. *See United States v. Innocent*, 977 F.3d 1077, 1083 (11th Cir. 2020) (noting defendant "behaved in a way that suggested he knew he was not allowed to possess a gun when he immediately dropped the gun into someone else's car and left the scene when he saw police approaching"), *cert. denied*, 2021 WL 2519342 (U.S. June 21, 2021); *United States v. Brandon*, 965 F.3d 427, 433 (5th Cir. 2020) (concluding that "circumstantial evidence," including defendant's admission that he handed the firearm to a passenger for concealment when police approached, showed defendant's "aware[eness] of his prohibited status when he possessed the firearm"), *cert. denied*, 2021 WL 2519212 (U.S. June 21, 2021). In light of this and other evidence, Mr. Nelson entered into a plea agreement by which he obtained a three-point reduction to his offense level and the dismissal of the second § 922(g)(1) count. Under these circumstances, we fail to see a reasonable probability that Mr. Nelson would have gone to trial but for the *Rehaif* error. Therefore, he has not shown prejudice to excuse the procedural default.[7]

---

[7] Mr. Nelson seeks to preserve an argument asserting that the failure to advise a defendant under *Rehaif* is a structural error that warrants automatic reversal. This

III

The judgment of the district court is affirmed.[8]

                                                Entered for the Court

                                                Jerome A. Holmes
                                                Circuit Judge

---

argument is foreclosed by *Greer*, which held that "*Rehaif* errors fit comfortably within the general rule that a constitutional error does not automatically require reversal of a conviction," 141 S. Ct. at 2100 (internal quotation marks omitted).

[8] In light of our disposition, we need not consider the parties' harmless-error arguments.

10

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

October 28, 2021

Mr. John C. Arceci
Office of the Federal Public Defender
Districts of Colorado and Wyoming
633 17th Street, Suite 1000
Denver, CO 80202

**RE:**   **20-1340, United States v. Nelson**
Dist/Ag docket: 1:16-CR-00192-RBJ-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   James C. Murphy

CMW/jjh